## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) BILLY HURSH, and )
(2) LACY HURSH, )
                               )
        Plaintiffs, )
                               )    Case No. 5:25-cv-00529-J
  v. )
(1) STATE FARM FIRE AND CASUALTY )  (Oklahoma County District Court
    COMPANY, )  Case No. CJ-2025-2626)
(2) MARK D. WELTY, and )
(3) MARK D. WELTY INSURANCE )
    AGENCY, INC., )
                               )
        Defendants. )

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through its counsel of record, answers Plaintiffs' Petition. State Farm generally denies every material allegation, unless expressly admitted herein.

## I.     INTRODUCTION

1.     State Farm denies Paragraph 1 of Plaintiffs' Petition.

2.     State Farm denies Plaintiffs' characterizations of State Farm's marketing in Paragraph 2 of Plaintiffs' Petition and demands strict proof thereof.

3.     State Farm denies Paragraph 3 of Plaintiffs' Petition.

4.     State Farm denies Paragraph 4, including subparts (a.) – (h.) of Plaintiffs' Petition.

## II.     PARTIES

5.     State Farm admits that Billy and Lacy Hursh had a State Farm Policy No. 36-CL-H107-4. The Policy speaks for itself. State Farm admits that claims, Claim Nos. 36-64D8-27T and 36-70R1-64Z, were filed under the Policy. As to all remaining allegations in Paragraph 5 of

Plaintiffs' Petition, State Farm is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of Plaintiffs' Petition, and therefore denies the same.

6.      Admitted.

7.      The allegations contained in Paragraph 7 of Plaintiffs' Petition are not directed at this Defendant; therefore, no response is required. To the extent a response is required, State Farm is without sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of Plaintiffs' Petition, and therefore denies the same.

8.      State Farm denies Paragraph 8 of Plaintiffs' Petition.

9.      The allegations contained in Paragraph 9 of Plaintiffs' Petition are a legal conclusion; therefore, no response is required from State Farm. To the extent a response is required, State Farm is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of Plaintiffs' Petition, and therefore denies the same.

### III.     FACTUAL BACKGROUND

10.     State Farm denies Paragraph 10 of Plaintiffs' Petition.

11.     State Farm denies Paragraph 11 of Plaintiffs' Petition.

12.     State Farm denies Paragraph 12 of Plaintiffs' Petition.

13.     State Farm denies Paragraph 13 of Plaintiffs' Petition, including all headings and subheadings, included in the Petition.

14.     State Farm denies Paragraph 14 of Plaintiffs' Petition.

15.     The allegations contained in Paragraph 15, including subparts (a.) – (d.), of Plaintiffs' Petition are not directed at this Defendant; therefore, no response is required. To the extent a response is required, this Defendant denies.

16.     The allegations contained in Paragraph 16 of Plaintiffs' Petition are not directed at this Defendant; therefore, no response is required. To the extent a response is required, State Farm is without sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of Plaintiffs' Petition, and therefore denies the same.

17.     The allegations contained in Paragraph 17 of Plaintiffs' Petition are not directed at this Defendant; therefore, no response is required. To the extent a response is required, State Farm is without sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of Plaintiffs' Petition, and therefore denies the same.

18.     State Farm denies Paragraph 18 of Plaintiffs' Petition.

19.     State Farm denies Paragraph 19 of Plaintiffs' Petition.

20.     State Farm denies Paragraph 20 of Plaintiffs' Petition.

21.     State Farm denies Paragraph 21 of Plaintiffs' Petition.

22.     State Farm denies Paragraph 22 of Plaintiffs' Petition.

23.     State Farm denies Paragraph 23 of Plaintiffs' Petition.

24.     State Farm denies Paragraph 24 of Plaintiffs' Petition.

25.     State Farm denies Paragraph 25, including subparts (a.) – (f.), of Plaintiffs' Petition.

26.     State Farm denies Paragraph 26, including subparts (a.) – (h.), of Plaintiffs' Petition.

27.     State Farm denies Paragraph 27 of Plaintiffs' Petition.

28.     The allegations contained in Paragraph 28 of Plaintiffs' Petition are not directed at this Defendant; therefore, no response is required. To the extent a response is required, State Farm is without sufficient knowledge or information to admit or deny the allegations in Paragraph 28 of Plaintiffs' Petition, and therefore denies the same.

4897-7016-3777, v. 1

29.     State Farm denies Paragraph 29 of Plaintiffs' Petition.

30.     State Farm denies Paragraph 30 of Plaintiffs' Petition.

31.     The Policy speaks for itself. State Farm denies Plaintiffs' characterization of the Policy and any remaining allegations as alleged in Paragraph 31 of Plaintiffs' Petition.

32.     The Policy speaks for itself. State Farm denies Plaintiffs' characterization of the Policy and any remaining allegations as alleged in Paragraph 32 of Plaintiffs' Petition.

33.     State Farm denies Paragraph 33 of Plaintiffs' Petition.

34.     State Farm denies Paragraph 34 of Plaintiffs' Petition.

35.     State Farm denies Paragraph 35 of Plaintiffs' Petition.

36.     State Farm denies Paragraph 36 of Plaintiffs' Petition.

37.     State Farm denies Paragraph 37 of Plaintiffs' Petition.

38.     State Farm denies Paragraph 38 of Plaintiffs' Petition.

39.     State Farm denies Paragraph 39 of Plaintiffs' Petition.

40.     State Farm denies Paragraph 40, including subparts (a.) – (o.), of Plaintiffs' Petition.

## IV.     FRAUDULENT CONCEALMENT

41.     Paragraph 41 of Plaintiffs' Petition contains no substantive allegations and therefore no response is required of this Defendant. To the extent Paragraph 41 is deemed to contain substantive allegations, this Defendant adopts and incorporates its previous responses to the allegations referenced therein.

42.     State Farm denies Paragraph 42 of Plaintiffs' Petition.

43.     State Farm denies Paragraph 43 of Plaintiffs' Petition.

44.     State Farm denies Paragraph 44 of Plaintiffs' Petition.

## V.    COUNTS

45.    Paragraph 45 of Plaintiffs' Petition contains no substantive allegations and therefore no response is required of this Defendant. To the extent Paragraph 45 is deemed to contain substantive allegations, this Defendant adopts and incorporates its previous responses to the allegations referenced therein.

46.    State Farm admits only that Billy and Lacy Hursh had a State Farm Policy No. 36-CL-H107-4. The Policy speaks for itself. As to any remaining allegations in Paragraph 46 of Plaintiffs' Petition, State Farm is without sufficient knowledge or information to admit or deny the allegations in Paragraph 46 of Plaintiffs' Petition, and therefore denies the same.

47.    State Farm is without sufficient knowledge or information to admit or deny the allegations in Paragraph 47 of Plaintiffs' Petition, and therefore denies the same.

48.    State Farm admits only that Billy and Lacy Hursh had a State Farm Policy No. 36-CL-H107-4. The Policy speaks for itself. As to any remaining allegations in Paragraph 48 of Plaintiffs' Petition, State Farm is without sufficient knowledge or information to admit or deny the allegations in Paragraph 48 of Plaintiffs' Petition, and therefore denies the same.

49.    State Farm is without sufficient knowledge or information to admit or deny the allegations in Paragraph 49 of Plaintiffs' Petition, and therefore denies the same.

50.    State Farm denies Paragraph 50 of Plaintiff's First Amended Petition.

51.    State Farm denies Paragraph 51 of Plaintiff's First Amended Petition.

52.    State Farm denies Paragraph 52 of Plaintiff's First Amended Petition.

53.    Paragraph 53 of Plaintiffs' Petition contains no substantive allegations and therefore no response is required of this Defendant. To the extent Paragraph 53 is deemed to

4897-7016-3777, v. 1

contain substantive allegations, this Defendant adopts and incorporates its previous responses to the allegations referenced therein.

54.    For Paragraph 54 of Plaintiffs' Petition, State Farm admits only it has a duty as defined under the law and denies any inconsistency therewith.

55.    State Farm denies Paragraph 55, including all subparts, of Plaintiffs' Petition.

56.    State Farm denies Paragraph 56 of Plaintiffs' Petition.

57.    State Farm denies Paragraph 57 of Plaintiffs' Petition.

58.    State Farm denies Paragraph 58 of Plaintiffs' Petition.

59.    State Farm denies Paragraph 59 of Plaintiffs' Petition.

60.    Paragraph 60 of Plaintiffs' Petition contains no substantive allegations and therefore no response is required of this Defendant. To the extent Paragraph 60 is deemed to contain substantive allegations, this Defendant adopts and incorporates its previous responses to the allegations referenced therein.

61.    State Farm denies Paragraph 61 of Plaintiffs' Petition.

62.    The allegations contained in Paragraph 62 of Plaintiffs' Petition are not directed at this Defendant; therefore, no response is required. To the extent a response is required, State Farm is without sufficient knowledge or information to admit or deny the allegations in Paragraph 62 of Plaintiffs' Petition, including all subparts, and therefore denies the same.

63.    The allegations contained in Paragraph 63 of Plaintiffs' Petition are not directed at this Defendant; therefore, no response is required. To the extent a response is required, State Farm is without sufficient knowledge or information to admit or deny the allegations in Paragraph 63, including all subparts, of Plaintiffs' Petition, and denies the same.

4897-7016-3777, v. 1

64.     The allegations contained in Paragraph 64 of Plaintiffs' Petition are not directed at this Defendant; therefore, no response is required. To the extent a response is required, State Farm is without sufficient knowledge or information to admit or deny the allegations in Paragraph 64 of Plaintiffs' Petition, and denies the same.

65.     The allegations contained in Paragraph 65 of Plaintiffs' Petition are not directed at this Defendant; therefore, no response is required. To the extent a response is required, State Farm is without sufficient knowledge or information to admit or deny the allegations in Paragraph 65 of Plaintiffs' Petition, and denies the same.

66.     The allegations contained in Paragraph 66 of Plaintiffs' Petition are not directed at this Defendant; therefore, no response is required. To the extent a response is required, State Farm is without sufficient knowledge or information to admit or deny the allegations in Paragraph 66 of Plaintiffs' Petition, and denies the same.

67.     Paragraph 67 of Plaintiffs' Petition contains no substantive allegations and therefore no response is required of this Defendant. To the extent Paragraph 67 is deemed to contain substantive allegations, this Defendant adopts and incorporates its previous responses to the allegations referenced therein.

68.     State Farm admits only that it has a duty as defined under the law and denies any inconsistency therewith. As to any remaining allegations in Paragraph 68 of Plaintiffs' Petition, State Farm denies.

69.     State Farm admits only that it has a duty as defined under the law and denies any inconsistency therewith. As to any remaining allegations in Paragraph 69 of Plaintiffs' Petition, State Farm denies.

4897-7016-3777, v. 1

70.     State Farm admits only that it has a duty as defined under the law and denies any inconsistency therewith. As to any remaining allegations in Paragraph 70 of Plaintiffs' Petition, State Farm denies.

71.     State Farm admits only that it has a duty as defined under the law and denies any inconsistency therewith. As to any remaining allegations in Paragraph 71 of Plaintiffs' Petition, State Farm denies.

72.     State Farm admits only that it has a duty as defined under the law and denies any inconsistency therewith. As to any remaining allegations in Paragraph 72 of Plaintiffs' Petition, State Farm denies.

73.     State Farm denies Paragraph 73, including subparts (a.) – (g.), of Plaintiffs' Petition.

74.     State Farm denies Paragraph 74 of Plaintiffs' Petition.

75.     State Farm denies Paragraph 75 of Plaintiffs' Petition.

76.     State Farm denies Paragraph 76 of Plaintiffs' Petition.

77.     State Farm denies Paragraph 77 of Plaintiffs' Petition.

78.     State Farm denies Paragraph 78 of Plaintiffs' Petition.

79.     State Farm denies Paragraph 79 of Plaintiffs' Petition.

80.     State Farm denies all allegations in Plaintiffs' Prayer for Relief, including all subparts.

## **AFFIRMATIVE DEFENSES AND OTHER AVOIDANCES**

Defendant State Farm Fire and Casualty Company, sets forth below its affirmative defenses and other matters constituting avoidance. By setting forth these affirmative defenses and other matters constituting avoidance, Defendant does not assume the burden of proving any fact, issue,

or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated herein is intended or shall be construed as an admission that any issue or subject matter is relevant to Plaintiffs' allegations. Defendant reserves the right to assert additional affirmative defenses at such time and such extent as warranted by discovery and the factual developments in this case.

1.    The Petition fails to state a claim upon which relief may be granted.

2.    Plaintiffs' claims are subject to setoff for any amounts paid by State Farm.

3.    Plaintiffs' own conduct, actions, and/or omissions represent an intervening and superseding cause of their injuries, if any, with respect to damage of their property, the coverage selected, and the policy purchase.

4.    None of the acts or omissions of this Defendant were the proximate cause of any of Plaintiffs' alleged injuries or damages.

5.    Plaintiffs did not reasonably rely on any alleged representations of the Defendant and took no action in detrimental reliance on any representation made by Defendant.

6.    This Defendant did not breach any duty owed to Plaintiffs.

7.    Plaintiffs' claims are barred either in whole or in part by the equitable doctrines of laches, estoppel, waiver, and/or unclean hands.

8.    Plaintiffs' claims are barred by accord and satisfaction.

9.    Plaintiffs failed to properly mitigate damages.

10.    Plaintiffs' claims for policy benefits from State Farm, or certain portions of the claims, are not covered and are expressly excluded by the terms and conditions of the applicable insurance policy, including any contractual limitations time period.

11.     Plaintiffs' claims against State Farm are barred in whole or in part and due to the failure of condition precedent and/or condition subsequent under the policy applying to the loss.

12.     State Farm had a justifiable, good faith basis for its actions.

13.     A legitimate bona fide dispute between Plaintiffs and State Farm bars any claim for bad faith.

14.     Defendant asserts all applicable statutory and common law limitations, restrictions or complete defenses and/or caps on liability or damages, including but not limited to, 23 O.S. §§ 9.1 and 15, and 36 O.S. § 3609.

15.     Defendant affirmatively alleges that the Petition does not state facts sufficient to support the plea for punitive or exemplary damages.

16.     The Plaintiffs' claim for punitive damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 2, Section 7 of the Oklahoma Constitution for the following reasons: a) the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures; b) the highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations; c) the introduction of evidence of this Defendant's financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit to this Defendant from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

17.     The imposition of punitive damages in this case would violate the Due Process Clause of the Fifth and/or Fourteenth Amendment to the United States Constitution because the

standards for determining the amount of the award are unduly vague, subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate government interest. Additionally, Oklahoma's post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

18.     An award of punitive damages under state law by a jury that:  (1) is not provided with standards of sufficient clarity for determining the appropriateness and appropriate size of a punitive damages award; (2) is not adequately instructed on the limits of punitive damages which may be imposed to further the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth and corporate status of Defendant; (4) is permitted to award punitive damages under a standard for determining liability that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and/or (5) is not subject to trial court or appellate court review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution as well as the Oklahoma Constitution.

19.     The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to Defendant, subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendment and the Due Process Clause of the Fifth and/or Fourteenth Amendment to the United States Constitution.

4897-7016-3777, v. 1

20.     The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Oklahoma Constitution, Article II § 9.

21.     The imposition of punitive damages in this case based on out-of-state conduct, dissimilar conduct, company profits, and the aggregate financial status of Defendant would violate the Commerce Clause, the Equal Protection Clause, and the Privileges and Immunities Clause of the United States Constitution. Any award of punitive damages based on anything other than Defendant's conduct in connection with this incident cannot protect Defendant against impermissible multiple punishments for the same alleged wrong.

22.     The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to Plaintiff would violate the Due Process Clause of the Fifth and/or Fourteenth Amendment to the United States Constitution.

23.     With respect to Plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc*., 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

24.     Discovery being incomplete, this Defendant reserves the right to amend this Answer if the propriety of additional defenses is established during discovery.

WHEREFORE, Defendant State Farm Fire and Casualty Company respectfully requests this Court enter Judgement in its favor and against Plaintiffs, dismiss Plaintiffs' Petition against it and award it reasonable attorney fees, costs and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

s/Lacy B. Williamson
Lance E. Leffel, OBA No. 19511
GABLEGOTWALS
BOK Park Plaza
499 W. Sheridan Ave., Suite 2200
Oklahoma City, OK 73102
lleffel@gablelaw.com
Telephone:  405.235.5500
Facsimile:   405.235.2875

-and-

Carrie B. McNeer, OBA No. 22235
Lacy B. Williamson, OBA No. 34004
GABLEGOTWALS
110 N. Elgin Avenue
Suite 200
Tulsa, OK 74120-1490
PH:  (918) 595-4800; Fax: (918) 595-4990
cmcneer@gablelaw.com
lwilliamson@gablelaw.com

**Attorneys for State Farm Fire and Casualty Company**

4897-7016-3777, v. 1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 14, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Reggie N. Whitten, OBA No. 9576
Michael Burrage, OBA No. 1350
Blake Sonne, OBA No. 20341
Hannah Whitten, OBA No. 35261
John S. Sanders, OBA No. 34990
Jake Denne, OBA No. 35097
WHITTEN BURRAGE
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Phone: 405-516-7800
Fax: 405-516-7859
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
bsonne@whittenburragelaw.com
hwhitten@whittenburragelaw.com
jsanders@whittenburragelaw.com
jdenne@whittenburragelaw.com

Patrick F. Collogan, OBA No. 30529
BIBY LAW FIRM
6305 E. 120th Ct., Suite F
Tulsa, OK 74137
Phone: 918-874-8458
Fax: 888-572-8263
pat@bibylaw.com

***Attorneys for Plaintiffs***

s/Lacy B. Williamson

14