## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) BILLY HURSH**,<br>and<br>**(2) LACY HURSH**,<br><br>    *Plaintiffs*,<br><br>v.<br><br>**(1) STATE FARM FIRE AND<br>CASUALTY COMPANY**;<br><br>**(2) MARK D. WELTY**;<br>and<br><br>**(3) MARK D. WELTY INSURANCE<br>AGENCY, INC.**,<br><br>    *Defendants*. | **CIV-25-529-SLP**<br><br>**Hon. Scott L. Palk**<br><br>***On removal from<br>District Court of Oklahoma County<br>CJ-2025-2626*** |

### PLAINTIFFS' MOTION TO REMAND

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................. 1

II.   LEGAL STANDARD ........................................................................... 7

III.  ARGUMENT AND AUTHORITIES ................................................... 8

      A.    State Farm Fails to Establish Any Fraudulent
            Jurisdictional Facts. ............................................................... 9

      B.    Plaintiffs Properly State a Claim for Negligent
            Procurement ........................................................................... 12

   1.   State Farm Ignores Plaintiffs' Allegations of Welty's Complicity. ............. 12

   2.   State Farm's Attempts to Invoke Primary Jurisdiction Fall Flat. ................ 17

   3.   State Farm Misdirects the Court Toward Its Own Claims Handling. ......... 18

   4.   State Farm's Remaining Arguments Are Equally Unavailing. ................... 19

      C.    Plaintiffs Pled Viable Claims for Misrepresentation
            and Constructive Fraud. ..................................................... 20

   1.   State Farm's Agents Owe Duties to Their Insureds. ................................. 20

   2.   Plaintiffs' Claims Are Pled with Particularity. ........................................... 22

   3.   State Farm's Remaining Arguments Are Equally Unavailing. .................... 24

IV.   REQUEST FOR RELIEF ................................................................... 25

## TABLE OF AUTHORITIES

*Adair v. State Farm Fire & Cas. Co.*
2025 WL 1263128 (W.D. Okla. May 1, 2025) ............................................. 3, 3 n.4

*Atlas Life Ins. Co. v. Sullivan*
1935 OK 684, 52 P.2d 28, 30 ................................................................. 25

*Barnes v. Okla. Farm Bur. Mut. Ins. Co.*
2000 OK 55, 11 P.3d 162 ................................................................. 11 n.9

*Barlow v. State Farm Fire & Cas. Co.*
2025 WL 1139489 (W.D. Okla. Apr. 17, 2025) (Russell, D.J.) .......... 6 n.6, 14 n.11

*Bartholomew v. State Farm*
2022 WL 22879674 (W.D. Okla. Dec. 16, 2022) (Jones, D.J.) ............. 3 n.4, 17, 21

*Basso v. Utah Power & Light Co.*
495 F.2d 906 (10th Cir. 1974) ................................................................. 7

*Bean v. State Farm*
CIV-23-00054-TMC (N.D. Okla. June 26, 2024) (Cartwright, D.J.) ................ 3 n.4

*Burleson v. State Farm*
2024 WL 3842579 (W.D. Okla. Aug. 16, 2024) (Russell, D.J.) .................... 3 n.4, 6

*Bus. Interiors, Inc. v. Aetna Cas. and Surety Co.*
751 F.2d 361 (10th Cir. 1984) ................................................................. 25

*Byrd v. BNSF Ry. Co.*
2022 WL 4388301 (W.D. Okla. Sept. 22, 2022) ......................................... 8

*Castens v. Conseco Life Ins. Co.*
2012 WL 610001 (N.D. Okla. Feb. 24, 2012) ............................................ 13

*Champion v. State Farm*
2023 WL 11944492 (W.D. Okla. Dec. 29, 2023) (Wyrick, D.J.) ................ 3 n.4, 19

*Christy v. State Farm*
2023 WL 2933312 (W.D. Okla. Apr. 13, 2023) (Russell, D.J.) ........ 3 n.4, 6, 10-11

*Cook v. Medical Savings Ins. Co.*
2006 WL 898157 (W.D. Okla. 2006) ....................................................... 25

*Downing Trucking, Inc. v. Cline Wood Agy.*
2007 WL 2816200 (W.D. Okla. Sept. 26, 2007) ....................................... 21

*Dutcher v. Matheson*
    733 F.3d 980 (10th Cir. 2013) ........................................................................ 7, 8, 12

*Earley v. Allstate Indem. Co.*
    2014 WL 2214518 (N.D. Ala. May 28, 2014) ...................................................... 9

*Ervin v. Herb Weaver Ins. Agency, Inc.*
    2022 WL 22839581 (W.D. Okla. Dec. 28, 2022) (Palk, D.J.) ........................*passim*

*Ervin v. Minnesota Life Ins. Co.*
    2020 WL 2521510 (E.D. Okla. May 18, 2020) .................................................... 25

*Estrada v. Kriz*
    2015 OK CIV APP 19, 345 P.3d 403, 407 ........................................................... 23

*Ford v. Liberty Mut. Ins. Co.*
    2020 WL 259554 (W.D. Okla. Jan. 16, 2020) .................................................... 21

*Harris v. State Farm*
    2024 WL 1957315 (W.D. Okla. May 3, 2024) (DeGiusti, C.D.J) ........... 3 n.4, 6, 22

*Hosier v. State Farm Fire & Cas. Co.*
    No. CJ-2021-1741 (Okla. Cnty. Dist. Ct.) ..................................................... 3, 3 n.4

*Jackson v. State Farm*
    647 F.Supp.3d 1195 (W.D. Okla. 2022) (DeGiusti, C.D.J) ............... 3 n.4, 6, 21-22

*Jessop v. State Farm*
    2024 WL 3400543 (E.D. Okla. July 12, 2024) (Melgren, D.J.) ........................ 3 n.4

*Johnson v. Shelter Mut. Ins. Co.*
    2024 WL 1009548 (E.D. Okla. Feb. 16, 2024)
    *R&R adopted* 2024 WL 1178487 (E.D. Okla. Mar. 19, 2024) .............................. 16

*Jones v. Farmers Ins. Co., Inc.*
    2012 WL 12863976 (W.D. Okla. Feb. 29, 2012) (Russell, D.J.) ................... 11 n.9

*Killingsworth v. State Farm*
    No. 23-CV-72-TCK (N.D. Okla. April 21, 2023) (Kern, D.J.) ......................... 3 n.4

*Koch v. Koch Indus., Inc.*
    203 F.3d 1202 (10th Cir. 2000) ......................................................................... 23

*Kyger v. State Farm*
    649 F. Supp. 3d 1200 (W.D. Okla. 2022) (DeGiusti, C.D.J.) ........................*passim*

*Markham v. National States Ins. Co*.
    122 Fed. Appx. 392 (10th Cir. 2004) ............................................................. 11 n.9

*Martin v. Allstate*
    2024 WL 3510301 (W.D. Okla. July 23, 2024) ...............................................*passim*

*Martin v. Franklin Capital Corp.*
    251 F.3d 1284 (10th Cir. 2001) ................................................................................ 7

*Mayer v. Horace Mann Ins. Co.*
    2015 WL 1650271 (W.D. Okla. Apr. 13, 2015) ................................................... 13

*Mayes Cnty. FOP Lodge #116, Inc. v. Farmers Ins. Exch.*
    2020 WL 61362636 (N.D. Okla. Oct. 19. 2020) ...................................................... 8

*McCorkle v. Great Atlantic Ins. Co.*
    1981 OK 128, 637 P.2d 583 ............................................................................. 11 n.9

*McDow v. State Farm*
    2022 WL 17960457 (W.D. Okla. Dec. 27, 2022) (Friot, D.J.) ......................*passim*

*McLeod v. Cities Serv. Gas Co.*
    233 F.2d 242 (10th Cir. 1956) ........................................................................... 8 n.7

*Metzger v. Am. Fid. Assur. Co.*
    2007 WL 4342082 ............................................................................................... 11

*Montano v. Allstate Indem.*
    2000 WL 525592 (10th Cir. Apr. 14, 2000)........................................................ 7, 8

*Neff v. Westchester Sur. Lls. Ins. Co.*
    2023 WL 6065842 (N.D. Okla. Sept. 14, 2023) ................................................... 15

*Nelson v. State Farm*
    647 F. Supp. 3d 1189 (W.D. Okla. 2022) (DeGiusti, C.D.J.) ............ 3 n.4, 6, 10, 19

*Norman v. State Farm*
    2025 WL 342871 (W.D. Okla. Jan. 30, 2025) (Russell, D.J.) .......................*passim*

*Oliver v. State Farm*
    765 F. Supp. 3d 1244 (W.D. Okla. February 11, 2025) (Palk, D.J.)..............*passim*

*Oxsen v. Philadelphia Am. Life Ins.*
    2023 WL 2823992 (W.D. Okla. Apr. 7, 2023) ..................................................... 16

*Parkison v. Hanover Ins. Co.*
 2023 WL 8452436 (W.D. Okla. Nov. 20, 2023) (Friot, D.J.) ........................... 3 n.4

*Phillips v. State Farm Fire & Cas. Co.*
 2023 WL 336142 (W.D. Okla. Jan. 20, 2023) (DeGiusti, C.D.J) .................. *passim*

*Polanco v. Pruco Life Ins. Co.*
 2023 WL 155083 (D.N.M. Jan. 11, 2023) .............................................................. 7

*Powers v. Wireless Horizon, Inc.*
 2017 WL 550581 (E.D. Mo. Feb. 10, 2017) ........................................................ 18

*Pruitt v. State Farm Fire & Cas. Co.*
 2025 WL 1030353 (W.D. Okla. April 7, 2025) (DeGiusti, C.D.J.) ............... *passim*

*Rain Drop Found., Inc. v. State Farm*
 2025 WL 582562 (W.D. Okla. Feb. 21, 2025) (DeGiusti, C.D.J.) ................... 6 n.5

*Rains v. CSAA Fire & Cas. Ins. Co.*
 2020 WL 6729085 (N.D. Okla. Nov. 16, 2020) ............................................ 14 n.11

*Ross v. State Farm*
 2024 WL 1092540 (W.D. Okla. Mar. 13, 2024) (Dishman, D.J.) ......... 3 n.4, 15, 19

*S. Sooner Holdings, LLC v. Travelers Indem. Co. of Am.*
 2022 WL 17831395 (E.D. Okla. Dec. 21, 2022) ............................................ 21, 22

*Sallee v. Ready*
 2012 WL 3061493 (N.D. Okla. July 26, 2012) ...................................................... 8

*Sang v. Smith,*
 2020 WL 6472683 (N.D. Okla. May 19, 2020) ......................................... 13-14, 19

*Sexton v. State Farm*
 2023 WL 11917022 (W.D. Okla. Jan. 5, 2023) (Jones, D.J.) ........................... 3 n.4

*Shira v. State Farm*
 2023 WL 4624701 (W.D. Okla. July 19, 2023) (Russell, D.J.) ..................... *passim*

*Smallwood v. Illinois Cent. R. Co.*
 385 F.3d 568 (5th Cir. 2004) ............................................................................... 18

*Smith v. Bar-S Foods Co.*
 2006 WL 1134938 (W.D. Okla. Apr. 26, 2006) ..................................................... 8

*Smoot v. Chicago*
    378 F.2d 879 (10th Cir. 1967) ........................................................ 8, 8 n.8

*Stacy v. State Farm*
    2023 WL 11915451 (W.D. Okla. Dec. 29, 2023) (Wyrick, D.J.) ..................... 3 n.4

*Stafford v. State Farm Fire and Cas. Co.*
    ECF No. 25 Order, CIV-25-0008-HE
    (W.D. Okla. May 27, 2025) (Heaton, D.J.) ........................................... 12

*Stayton v. State Farm*
    No. 23-CV-56-TCK (N.D. Okla. April 20, 2023) (Kern, D.J.) ........................ 3 n.4

*Strahan v. Allstate Indem. Co.*
    2015 WL 730055 (W.D. Okla. Feb. 19, 2015) ....................................... 13

*Swickey v. Silvey Co.*
    979 P.2d 266 (Okla. Civ. App. 1999) ............................................ 15, 25

*Uptegraft v. Dome Petro. Corp.*
    764 P.2d 1350 (Okla. 1988) ........................................................ 20

*Vining v. Enter. Fin. Group*
    148 F.3d 1206 (10th Cir. 1998) ............................................... 11, 11 n.9

*Warner v. Continental Cas. Co.*
    1975 OK CIV APP 19, 534 P.2d 695 .................................................. 25

*Wedin v. Allstate*
    2023 WL 6806995 (N.D. Okla. Oct. 16, 2023) (Eagan, D.J.) ..................... 3 n.4, 16

*Wells v. Johnson & Johnson*
    554 F. Supp. 3d 1207 (W.D. Okla. 2021) ............................................ 23

*Whitby v. State Farm*
    2023 WL 11763365 (N.D. Okla. Aug. 21, 2023) (Frizzell, D.J.) .................. *passim*

*Yeary v. Safeco Ins. Co. of Am.*
    2022 WL 3447120 (N.D. Okla. Aug. 17, 2022) ....................................... 14

## I.    INTRODUCTION

State Farm Fire and Casualty Company ("State Farm") is engaged in a systematic and pervasive Scheme[1] to deny or underpay insureds throughout Oklahoma (including Plaintiffs) for wind and hailstorm claims. *See* Petition ("Pet.") at ¶¶ 1, 3, 4, 10-11, 34-39, 40, 55-59. As a captive State Farm agent, Mark D. Welty and Mark D. Welty Insurance Agency, Inc. (collectively, "Welty") assisted in advancing State Farm's Scheme by selling and renewing a State Farm homeowners insurance policy to Plaintiffs, which Welty knew was not worth the paper it was written on. Pet. ¶¶ 4, 10-11, 13-17, 25-28, 34-36, 55(x)-(xi), 63-65, 73-78. Specifically, Welty marketed, sold, procured, bound, and renewed Plaintiffs' Policy knowing that State Farm never intended to provide full replacement cost coverage, regardless of the policy language. Pet. ¶¶ 4, 10, 13, 25-28, 34-36, 55(x)-(xi), 63-65, 73-78. At all relevant times, Welty knew about State Farm's ***Hail Focus Initiative***, through which State Farm designed and implemented its Scheme to reduce indemnity payments by denying full roof replacements to policyholders (here, Plaintiffs). Pet. ¶¶ 4, 10, 13, 25-28, 34-36, 55(x)-(xi), 63-65, 73-78. Welty failed to disclose the same to Plaintiffs at any time. Pet. ¶¶ 4, 10, 26-28, 34-36, 42-43, 63(b)(iv), 63(vii), 73(c), 73(f)-(g).

Welty represented to Plaintiffs—by virtue of the act of marketing, procuring, selling, and binding State Farm replacement cost insurance coverage (whether for the first time or upon renewal)—that the property met State Farm's underwriting guidelines, rules, and criteria, qualifies for the coverage stated in the policy, and was free from any defect

---

[1] All capitalized terms herein shall have the same meanings set forth and defined in the Petition.

that would negate that coverage. Pet. ¶¶ 4, 18-24.

Defendants subjected Plaintiffs to State Farm's Scheme—including Welty's misrepresentations and omissions, which advanced the Scheme. Pet. ¶¶ 4, 10, 25-28, 34-36, 40(c) & (f), 63-65, 73-78. On information and belief, Welty never inspected Plaintiffs' home to verify whether it met State Farm's underwriting guidelines, but procured, bound, and renewed coverage on State Farm's behalf, nonetheless. Pet. ¶¶ 21-28. Critically, and regardless of whether an inspection occurred, neither Welty nor State Farm ever disclosed to Plaintiffs that their home had some defect or pre-existing damage (such as wear and tear, deterioration, granule loss, age, improper ventilation) that would negate the full replacement cost coverage Plaintiffs requested from Welty. Pet. ¶¶ 25-28, 36, 40(c) & (f).

When a wind and hailstorm destroyed Plaintiffs' roof, State Farm ignored patent wind and hail damage and attributed the damage to pre-existing damage and non-covered causes of loss (wear and tear, deterioration, granule loss, age, improper ventilation) Welty should have discovered and disclosed to Plaintiffs. Pet. ¶¶ 22-23, 25-28, 34-36, 40(c) & (f). Welty set up Plaintiffs as State Farm's next victim and did so knowing the Scheme (including the Hail Focus Initiative) would be used against Plaintiffs to negate replacement cost coverage. Pet. ¶¶ 4, 10, 25-28, 34-36, 40, 42-43, 63-65, 73-78. Welty's failure to inspect Plaintiffs' home and disclose any roof defects, combined with his representations that the property qualified for full replacement cost coverage, left Plaintiffs helpless to challenge State Farm when it ambushed Plaintiffs with a denial of their claim—which they rightfully believed would be covered under the policy Welty sold them. Pet. ¶¶ 4, 10, 19, 22-28, 34-36, 40, 63, 73-76.

Testimony by State Farm adjusters reveals a bad faith pattern and practice (*i.e.*, the Hail Focus Initiative) by State Farm of training and instructing its adjusters to attribute valid wind/hail damage to pre-existing damage, such as wear and tear, so that State Farm can avoid paying roof claims. *See* Pet. ¶ 4(f); *see also* **Exhibit 5**, *Hosier v. State Farm*, Depo. of Kelly Wienstroer at 1; 70: 12-22; 292: 12-16, 19-25; 293: 1-24; **Exhibit 6**, *Bates v. State Farm*, Depo. of Amy Lynne Lanier (former State Farm adjuster) at 44: 22-24; 46: 17-19; 47: 2-5;[2] **Exhibit 7**, Schroeder Testimony (former State Farm adjuster).[3]  State Farm trains its agents (like Welty) similarly to enable the Scheme by shirking their underwriting responsibilities. Pet. ¶¶ 13-24, 26, 35-36, 39.

Oklahoma federal courts have repeatedly rejected State Farm's removal of nearly identical claims at least ***twenty-four*** times. *See* Pet. ¶ 8; *see also Adair v. State Farm Fire & Cas. Co.*, 2025 WL 1263128 (W.D. Okla. May 1, 2025) (Dishman, D.J.) (**Exhibit 4**, Remand Order).[4] This Honorable Court has firmly rejected State Farm's removal of nearly

---

[2] Both **Exhibits 5** and **6** are documents in the public record that this Court may take judicial notice of and that were attached as Exhibits to the plaintiffs' Response to Motion to Quash (filed August 14, 2023) in *Hosier v. State Farm Fire & Cas. Co.*, No. CJ-2021-1741 (Okla. Cnty. Dist. Ct.). *Available at* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CJ-2021-1741&cmid=3968060 (last visited June 3, 2025).

[3] ("[T]hese changes were simply excluding hail-damaged shingles due to age or wear. In one case involving policyholders Susan and Dennis Carter, I was instructed to deny shingle damage as wear and tear despite visible hail impact marks consistent with adjacent dented metal."). Examining the Insurance Industry's Claims Practices Following Recent Natural Disasters - Committee on Homeland Security & Governmental Affairs, *available at* https://www.hsgac.senate.gov/subcommittees/dmdcc/hearings/examining-the-insurance-industrys-claims-practices-following-recent-natural-disasters/ (last visited June 3, 2025).

[4] *Adair v. State Farm Fire & Cas. Co.*, 2025 WL 1263128 (W.D. Okla. May 1, 2025) (Dishman, D.J.); *Bartholomew v. State Farm*, 2022 WL 22879674 (W.D. Okla. 2022) (Jones, D.J.); *Bean v. State Farm*, (N.D. Okla. 2024) (Cartwright, D.J.); *Burleson v. State*

identical claims in at least ***three*** separate instances. *See Ervin v. Herb Weaver Ins. Agency, Inc*., 2022 WL 22839581 at \*2-3 (W.D. Okla. 2022) (finding the petition sufficiently pled claims of negligent procurement, constructive fraud, and negligent misrepresentation against the agent by alleging the agent's misrepresentations and omissions about the insured property's coverage under the policy caused plaintiffs to purchase an illusory policy); *Martin v. Allstate Vehicle & Prop., Ins. Co*., 2024 WL 3510301 \*4-5 (W.D. Okla. July 23, 2024) (remanding where plaintiffs sufficiently alleged the agent "agreed to procure

---

*Farm*, 2024 WL 3842579 (W.D. Okla. 2024) (Russell, D.J.); *Champion v. State Farm*, 2023 WL 11944492 (W.D. Okla. 2023) (Wyrick, D.J.); *Christy v. State Farm*, 2023 WL 2933312 (W.D. Okla. 2023) (Russell, D.J.); *Ervin v. Herb Weaver Ins. Agency, Inc.*, 2022 WL 22839581 (W.D. Okla. 2022) (Palk, D.J.); *Harris v. State Farm*, 2024 WL 1957315 (W.D. Okla. 2024) (DeGiusti, C.D.J); *Jackson v. State Farm*, 647 F.Supp.3d 1195 (W.D. Okla. 2022) (DeGiusti, C.D.J); *Jessop v. State Farm*, 2024 WL 3400543 (E.D. Okla. 2024) (Melgren, D.J.); *Killingsworth v. State Farm*, (N.D. Okla. 2023) (Kern, D.J.); *Kyger v. State Farm*, 649 F. Supp. 3d 1200 (W.D. Okla. 2022) (DeGiusti, C.D.J.); *McDow v. State Farm*, 2022 WL 17960457 (W.D. Okla. 2022) (Friot, D.J.); *Nelson v. State Farm*, 647 F. Supp. 3d 1189 (W.D. Okla. 2022) (DeGiusti, C.D.J.); *Norman v. State Farm*, 2025 WL 342871 (W.D. Okla. Jan. 30, 2025) (Russell, D.J.); *Oliver v. State Farm*, Remand Order ECF No. 12, CIV-24-789 (W.D. Okla. February 11, 2025) (Palk, D.J.); *Phillips v. State Farm*, 2023 WL 336142 (W.D. Okla. 2023) (DeGiusti, C.D.J); *Pruitt v. State Farm Fire & Cas. Co*., 5:25-cv-00043-D (W.D. Okla. April 7, 2025) (DeGiusti, C.D.J.); *Ross v. State Farm*, 2024 WL 1092540 (W.D. Okla. 2024) (Dishman, D.J.); *Sexton v. State Farm*, 2023 WL 11917022 (W.D. Okla. 2023) (Jones, D.J.); *Shira v. State Farm*, 2023 WL 4624701 (W.D. Okla. 2023) (Russell, D.J.); *Stacy v. State Farm Fire & Cas. Co.*, 2023 WL 11915451 (W.D. Okla. 2023) (Wyrick, D.J.); *Stayton v. State Farm*, (N.D. Okla. 2023) (Kern, D.J.); *Whitby v. State Farm*, 2023 WL 11763365 (N.D. Okla. 2023) (Frizzell, D.J.); *see also Martin v. Allstate Vehicle & Property Ins. Co*., 2024 WL 3510301 (W.D. Okla. 2024) (Palk, D.J.); *Parkison v. Hanover Ins. Co., et al*., 2023 WL 8452436 (W.D. Okla. 2023) (Friot, D.J.); *Wedin v. Allstate*, 2023 WL 6806995 (N.D. Okla. 2023) (Eagan, D.J.).

It is unclear why State Farm chose to omit this abundance of authority from its Notice of Removal. Nonetheless, it was required to do so under the Oklahoma Rules of Professional Conduct ("ORPC"). *See* ORPC 3.2(a)(2) ("A lawyer shall not knowingly [] fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client…").

specific insurance coverage, failed to do so through partial or incomplete disclosures, []
benefitted from that breach and [p]laintiffs were prejudiced because the insurance they
purchased did not provide the [replacement cost] coverage as expected or requested."). In
February, this Honorable Court granted remand under nearly identical circumstances
regarding State Farm's Scheme and **Hail Focus Initiative**, holding:

> Upon review of the totality of Plaintiffs' allegations, the Court cannot say
> with complete certainty that Plaintiffs have failed to state a claim against the
> [Agent]. Plaintiffs have sufficiently alleged a breach of the [Agent's] duty.
> Plaintiffs allege State Farm's denial was contrary to the [Agent's]
> representations that all underwriting requirements had been met and that
> there were no preexisting issues with the roof that would limit or restrict
> coverage. Additionally, Plaintiffs have sufficiently alleged they suffered
> damages as a result of the breach as Plaintiffs purchased the policy from the
> [Agent], but the policy did not provide the coverage as expected or requested.

*Oliver v. State Farm Fire & Cas. Co.*, 765 F. Supp. 3d 1244, at *1249-50 (W.D. Okla. Feb.
11, 2025) (**Exhibit 1**, *Oliver* Order Remanding). Similarly, State Farm's denial (based
wholly on pre-existing damage) directly contradicted Welty's misrepresentations and
omissions about the Insured Property's eligibility for full replacement cost coverage at
Policy inception and renewals. Pet. ¶¶ ¶¶ 4, 7, 10, 13-28, 34-36, 39, 40(c) & (f), 42, 62-64,
72-75.

Chief Judge DeGiusti also firmly rejected State Farm's removal of similar claims in
at least ***six*** separate instances. *See Pruitt v. State Farm*, Remand Order ECF No. 19, 2025
WL 1030353 (W.D. Okla. April 7, 2025) (attached hereto as **Exhibit 3**); *Phillips*, 2023
WL 336142 at *4 (W.D. Okla. 2023) (finding agent's alleged representations about policy
and coverage sufficiently supported claims against agent); *Kyger*, 649 F. Supp. 3d 1200,
1206 (W.D. Okla. 2022) (plaintiff alleged "one reason why State Farm rejected her claim

was that any loss was caused by preexisting damage and therefore not covered); *Nelson*, 647 F. Supp. 3d 1189, 1192 (W.D. Okla. 2022) ("State Farm's arguments ignore the totality of Plaintiffs' pleading and improperly prejudge the credibility of Plaintiffs' allegations."); *Harris*, 2024 WL 1957315 (W.D. Okla. 2024); *Jackson*, 647 F.Supp.3d 1195 (W.D. Okla. 2022).[5]

Additionally, Judge Russell remanded similar claims on at least ***four*** occasions. *See Burleson*, 2024 WL 3842579 (W.D. Okla. 2024); *Christy*, 2023 WL 2933312 (W.D. Okla. 2023); *Shira*, 2023 WL 4624701 (W.D. Okla. 2023); *Norman*, 2025 WL 342871 (W.D. Okla. Jan. 30, 2025).[6] Earlier this year, Judge Russell held:

> State Farm's arguments have been repeatedly rejected by courts in this district and elsewhere. * * * Plaintiffs' Petition indicates that they requested specific coverage that was ultimately not provided, [Agent] made several representations that do not square with the ultimate denial of their claim, and

---

[5] Plaintiffs need not distinguish this case from *Rain Drop*, as Chief Judge DeGiusti has already done so in *Pruitt*—a case involving ***nearly identical*** claims. *See* **Exhibit 3**, *Pruitt* Remand Order at 7-8 (distinguishing *Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.*, 2025 WL 582562 (W.D. Okla. 2025)). Similar to *Pruitt*, Plaintiffs' claims are more analogous to *Kyger* and *Oliver* due to State Farm's reliance on pre-existing damage in the denial and Welty's negligent performance of underwriting duties. *See* **Exhibit 3**, *Pruitt* Remand Order at 7-8 (citing *Kyger*, 649 F. Supp. 3d at 1206; *Oliver*, 2025 WL 457112 at *2-3); Pet. ¶¶ 4, 7, 10, 13-28, 34-36, 40(c) & (f), 42, 61-66, 68-79.

[6] Plaintiffs' claims are distinguishable from Judge Russell's holdings in *Barlow*, *Cisneros*, and *Porter* because of new allegations regarding the ***Hail Focus Initiative*** that are similar to *Oliver*. *See* pg. 5, *supra*. Further, Welty's misrepresentations ***and*** omissions regarding full replacement cost coverage enabled State Farm to ambush Plaintiffs with a denial based on pre-existing damage—wear and tear, deterioration, granule loss, age, improper ventilation—that negated the full replacement cost coverage for the roof. Pet. ¶¶ 4, 7, 10, 13-28, 34-36, 40(c) & (f), 42, 63-64, 73-75; *see, e.g.*, *Barlow v. State Farm Fire & Cas. Co.*, No. CIV-25-44-R, 2025 WL 1139489, at *4 (W.D. Okla. Apr. 17, 2025). Regardless, Plaintiffs' case is akin to *Pruitt*, which reiterates the vast majority of the Oklahoma federal courts' holdings establishing State Farm captive agents' misrepresentations and omissions as actionable. *See* **Exhibit 3**, *Pruitt* Remand Order; *see also* Notes 4-5, *supra*.

they suffered losses as a result. Based on these allegations, and the heavy burden placed on the party asserting fraudulent joinder, State Farm has not shown that Plaintiffs "have no possibility of recovery" on at least one of their claims against [Agent]. * * * [T]he Petition alleges that the agents are an essential component of State Farm's scheme to wrongfully deny claims, and some similarity in statements or conduct is therefore conceivable.

*Norman*, 2025 WL 342871, at *6-7. (*See* **Exhibit 2**, *Norman* Order Granting Remand).

State Farm misdirects the Court by pointing to its own bad faith claims handling—that it somehow excuses Welty's advancement of the Scheme. State Farm ignores precedent throughout Oklahoma federal courts (including this Court) finding its agents' misrepresentations and omissions actionable. As such, Plaintiffs respectfully move for remand.

## II.    LEGAL STANDARD

The Tenth Circuit has a well-established presumption against removal. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("[T]here is a presumption against [federal jurisdiction]."). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289–90 (10th Cir. 2001).

To establish fraudulent joinder, State Farm must demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). State Farm therefore bears a "heavy burden," requiring that it plead "with particularity and support [] by clear and convincing proof." *See Montano v. Allstate Indem.*, 2000 WL 525592 at *1 (10th Cir. Apr. 14, 2000); *Polanco v. Pruco Life Ins. Co.*, 2023 WL

155083 at *1 (D.N.M. 2023) (Tenth Circuit courts "have referred to the standard for fraudulent joinder as requiring clear and convincing evidence."). Thus, while the Court should take Plaintiffs' pleadings as true for the purposes of remand, the Court's standard should be "*more exacting* than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)." *Montano*, 2000 WL 525592 at *2.[7] However, the Court should not "pre-try, as a matter of course, doubtful issues of fact to determine removability." *Smoot v. Chicago*, 378 F.2d 879, 882 (10th Cir. 1967) (requiring "summary determination" of such issues).[8]

"Disputed factual issues relate to matters of substance rather than jurisdiction, all doubts are to be resolved in favor of the Plaintiff." *See Sallee v. Ready*, 2012 WL 3061493 at *3 (N.D. Okla. 2012); *Dutcher*, 733 F.3d at 988. *Smith v. Bar-S Foods Co.*, 2006 WL 1134938 at *3 (W.D. Okla. 2006) ("finding of fraudulent joinder is improper when the removing defendant's assertions go to the merits of the action."). State Farm must establish assertions of non-liability "with *complete certainty*." *See e.g.*, *Byrd v. BNSF Ry. Co.*, 2022 WL 4388301 at *6 (W.D. Okla. 2022). Recovery against the allegedly non-diverse defendant must be impossible as a matter of law to support removal. *Mayes Cnty. FOP Lodge #116, Inc. v. Farmers Ins. Exch.*, 2020 WL 61362636 at *3 (N.D. Okla. 2020).

## III.    ARGUMENT AND AUTHORITIES

---

[7] Fraudulent joinder cannot "be inferred from a mere misjoinder of parties or causes of action." *McLeod v. Cities Serv. Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956).

[8] Tellingly, State Farm would have the Court improperly rely on *Nerad* for this standard (Not. ¶¶ 9-10) despite recent and plain notice that such is improper: "*Nerad's* reasonable basis standard invites the court to speculate about the potential success of plaintiff's claims, which is inconsistent with *Smoot*[.]" *Whitby*, 2023 WL 11763365 at *3.

A.      **State Farm Fails to Establish Any Fraudulent Jurisdictional Facts.**

The entirety of State Farm's removal is a manipulation of the remand standard, which State Farm improperly bends to the merits of the action. While State Farm accuses Plaintiffs of "manufactur[ing]" jurisdictional facts (Not. ¶ 9), State Farm does nothing to dispute the residency of its Oklahoma-based agent (Welty) and establish diversity. Rather, its entire argument focuses on what Welty *did*, what Welty *said*, the coverage Welty *procured*, and whether Welty had a hand in the Scheme at issue. These are not jurisdictional facts. Rather, these are the *merits* of Plaintiffs' claims and are an improper basis for removal. *See Earley v. Allstate Indem. Co.*, 2014 WL 2214518, at *3 (N.D. Ala. 2014) (pleadings regarding policy and claim denial "are not jurisdictional in nature. For purposes of diversity jurisdiction, the only facts of jurisdictional relevance are the citizenship of the parties and the amount in controversy.").

State Farm insists Plaintiffs' allegations must be fabricated because their pleading is substantially similar to multiple others filed against State Farm for the same Scheme. But, as Plaintiffs pled, State Farm's Scheme is pervasive and systematic and involves its agents (including Welty) in every instance. Pet. ¶¶ 1, 3, 4, 10-11, 13, 15, 24, 27, 34-36, 39, 42. Welty failed to verify whether the insured property meets State Farm's underwriting rules and never disclosed any roof defect or other replacement cost coverage-negating condition to Plaintiffs. Pet. ¶¶ 22-28, 34-36, 40(c) & (f), 63, 73. Nevertheless, Welty sold and/or renewed the replacement cost policy that purports to cover the insured property for the same. Pet. ¶¶ 16, 21, 23-25, 27, 34. Welty's conduct comports with the Scheme. Pet. ¶¶ 4, 10, 25-28, 34-36, 40(c) & (f), 63, 73-76.

9

Similar pleadings are proper where individual insureds are subjected to substantially the same wrongs by the same wrongdoers. Plaintiffs are only required to provide fair notice of their claims; Plaintiffs are not required to compose a novel description of how State Farm and its captive agent breached their duties to Plaintiffs. Nor is State Farm immunized by its uniform wrongdoing:

> [C]onsistent misrepresentation is a necessary furtherance of the Scheme in each instance; State Farm's agents cannot bind a policy without first representing the property qualifies for coverage. Agent thus relies on the same training to make the same or similar representations that each Insured Property is eligible for the coverage sought under the same underwriting guidelines. This uniformity allows State Farm to effectuate its Scheme with consistency.

Pet. ¶ 24. Uniform training requiring uniform representations to policyholders results in similar allegations. This similarity is neither suspect nor fraudulent. *Martin v. Allstate*, 2024 WL 3510301, at *2 n.3. (W.D. Okla. 2024) ("On the record presented, the Court agrees, for purposes of the fraudulent joinder analysis, that the similarity of allegations alone does not demonstrate a basis upon which the Court should find fraudulent joinder."); *see also Kyger*, 649 F. Supp. 3d at 1203 (assailing formulaic allegations "ignore[s] the totality of Plaintiff's pleading and improperly prejudge[s] the credibility of Plaintiff's allegations"); *Nelson*, 647 F. Supp. 3d at 1994 ("State Farm's arguments ignore or attempt to discount the allegations of Plaintiffs' pleading."); *Phillips*, 2023 WL 336142, at *2 ("State Farm [] ignore[d] the totality of Plaintiffs' submissions."); *Whitby*, 2023 WL 11763365, at *4 ("simply because the allegations here are similar to those made in other cases[,]" that similarity does not demonstrate fraudulent joinder); *Christy*, 2023 WL 2933312, at *3 (similarities of allegations levied against agents are insufficient to disregard

claims against them); *Shira*, 2023 WL 4624701, at 1 n. 2 (unable to conclude actual fraud in pleading because plaintiffs provided some evidentiary support for their allegations); *Norman*, 2025 WL 342871, at *4 ("[T]he Petition alleges that the agents are an essential component of State Farm's scheme to wrongfully deny claims, and some similarity in statements or conduct is therefore conceivable."); *Pruitt*, (DeGiusti, C.D.J.) (**Exhibit 3**).

The Scheme Plaintiffs pled demonstrates a "pattern" theory of bad-faith conduct, liability for which is cognizable under Oklahoma law. *See Vining v. Enter. Fin. Group*, 148 F.3d 1206, 1218 (10th Cir. 1998) (where plaintiff sought to prove insured's pattern and practice of bad faith conduct, evidence regarding other insureds was relevant to show defendant "acted in this case under Federal Rule of Evidence 406 (habit)"); *see also Metzger v. Am. Fid. Assur. Co.*, 2007 WL 4342082, at *1 (W.D. Okla. 2007).[9]

The Petition is not a mere form.[10] Rather, it describes and addresses Plaintiffs' personal experience as supported under applicable law. *See* Pet. 25-28, 34-36, 40(a)-(o),

---

[9] State Farm breaches its duty of good faith and fair dealing when (as pled here) it withholds payment on a covered loss. *See McCorkle v. Great Atlantic Ins. Co.*, 1981 OK 128, 637 P.2d 583; *see also Vining*, 148 F.3d at 1218-1219 (pattern of systematically, habitually denying claims is bad faith); *Markham v. National States Ins. Co.*, 122 Fed. Appx. 392 (10th Cir. 2004) (evidence of nation-wide rescission practice supported bad faith); *Barnes v. Okla. Farm Bur. Mut. Ins. Co.*, 2000 OK 55, 11 P.3d 162, 170 ("*insurer's unreasonable treatment of Barnes was not an isolated incident, but the same or similar tactic was used by insurer repeatedly with other insureds*"; awarding actual and punitive damages); *Jones v. Farmers Ins. Co., Inc.,* 2012 WL 12863976 (W.D. Okla. Feb. 29, 2012) (Russell, D.J.) (court holds that habit bad faith conduct regarding roof claims are relevant to Plaintiff's contract claim and the claim of bad faith in that they may show a pattern and practice).

[10] State Farm's attacks on "form petitions" have been repeatedly rejected by judges in this district. *See* **Exhibit 3** *Pruitt* Remand Order at 8-9 (citing *Norman v. State Farm Fire & Cas. Co.*, 2025 WL 342871, at *4 (W.D. Okla. Jan. 30, 2025)).

46-52, 55-59, 63-66, 73-79.

State Farm's attack on Plaintiffs is based on three outlier opinions from Judge Heaton. *See, e.g.*, Not. ¶¶ 9, 23-24, 33 at n.1. Further, State Farm will likely cite Judge Heaton's more recent order. *See Stafford v. State Farm Fire and Cas. Co.*, ECF No. 25 Order, CIV-25-0008-HE (W.D. Okla. May 27, 2025) (Heaton, D.J.). However, these orders do not change the analysis with regard to Plaintiffs' claims, which are analogous to Chief Judge DeGiusti's decisions in *Pruitt* and *Kyger*, as well as this Court's ruling in *Oliver*. *See* Notes 4-6, *supra*. Respectfully, Judge Heaton's orders are unique in their analysis and limited in their applicability. The vast majority of courts considering the issue have disagreed with these determinations. *See* Note 4, *supra*. Indeed, this Court recently considered these three holdings **unpersuasive** in establishing fraudulent joinder of a captive agent. *See Martin v. Allstate*, 2024 WL 3510301, at *2 (W.D. Okla. 2024) ("Although Allstate points to a few cases in which a single district judge has found fraudulent joinder, the Court finds those cases are **not persuasive**.") (emphasis added).

**B.    Plaintiffs Properly State a Claim for Negligent Procurement.**

State Farm errantly insists Plaintiffs' claims against Welty fail as a matter of law because Plaintiffs received a State Farm policy and State Farm bears any responsibility for claims handling. These arguments ignore Plaintiffs' pleading and fail to carry State Farm's "heavy burden." *Dutcher*, 733 F.3d at 988; *see Pruitt*, 2025 WL 1030353 (**Exhibit 3**, remanding).

**1.    State Farm Ignores Plaintiffs' Allegations of Welty's Complicity.**

First, State Farm misleadingly conflates its own unlawful claims handling with

Welty's role in the overarching Scheme Plaintiffs have pled. Claims handling on the part of an *insurer* like State Farm does not speak to whether ***Welty's*** conduct was negligent or fraudulent. *See Strahan v. Allstate Indem. Co.*, 2015 WL 730055, at *3 (W.D. Okla. Feb. 19, 2015) (granting remand; holding claim payment did not "eliminate the fact that plaintiffs may have suffered other damage or loss" as a result of the agent's mistakes or errors). "The coverage dispute against State Farm does not preclude the possibility that [the agent] may ultimately be held liable for negligent procurement." *Shira*, 2023 WL 4624701, at *1 (W.D. Okla. 2023).

Similarly, Welty's procurement of a policy does not immunize him from liability. Nothing in Oklahoma's jurisprudence negates a claim against an agent simply because a policy was obtained. *Castens v. Conseco Life Ins. Co.*, 2012 WL 610001, at *2 ("[T]he Oklahoma Supreme Court has never pronounced any rule that an insurance agent's negligence is actionable only if it results in non-procurement of the policy.").

Rather, Welty, as a State Farm captive agent, owed Plaintiffs "a duty 'to exercise reasonable care and skill in performing its tasks, i.e. procuring insurance,' and may be 'liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss.'" *Mayer v. Horace Mann Ins. Co.*, 2015 WL 1650271, at *2 (W.D. Okla. April 13, 2015); *see also* Pet. ¶¶ 14–16, 18, 25-28, 35, 40, 63, 73-76.

Welty was further obligated to offer coverage that meets Plaintiffs' specific, disclosed needs. Pet. ¶¶ 14–16, 18, 25; *see also Sang v. Smith, et al.*, 2020 WL 6472683, at *4 (N.D. Okla.) ("[A]gents must offer coverage for needs disclosed by the insured." (emphasis original)); *Yeary v. Safeco Ins. Co. of Am.*, 2022 WL 3447120, at *3 (N.D. Okla.)

(Where the policy "did not realistically provide [the] coverage" plaintiffs requested, it did not meet their disclosed "specific coverage need.").

Plaintiffs' case involves a specific request for full replacement cost coverage as opposed to a general request for "full coverage" or "adequate protection."[11] Specifically, Plaintiffs requested *full replacement cost* homeowners insurance coverage from Welty. Pet. ¶ 25(a). Plaintiffs allege Welty failed to procure the replacement cost policy that Plaintiffs requested and Welty promised. Pet. ¶¶ 25-28, 63(a)(i)-(iv). Welty failed to verify the condition of Plaintiffs' home and disclose any replacement cost coverage negating defects (wear and tear, deterioration, granule loss, age, improper ventilation), yet sold and/or renewed a replacement cost policy nonetheless. Pet. ¶¶ 25-28. By selling the policy and binding coverage, Welty represented that the home complied with State Farm's underwriting guidelines for replacement cost coverage." Pet. ¶¶ 16-18, 21. "This means [Welty] represent[ed] the property's eligibility to both State Farm and [Plaintiffs] recklessly and blindly, without ever verifying whether that representation is true," just as "in almost every instance of the Scheme." Pet. ¶ 23; *see also* Pet. ¶¶ 25-28.

Moreover, Plaintiffs allege Welty sold, bound, and renewed the policy when his specialized knowledge meant he knew or should have known about any defect to the roof (wear and tear, deterioration, granule loss, age, improper ventilation) that would negate full

---

[11] *Rains v. CSAA Fire & Cas. Ins. Co.*, 2020 WL 6729085, at *6 (N.D. Okla. Nov. 16, 2020) ("Unlike requests for 'full' or 'adequate' coverage, a specific request for 'replacement' coverage, could qualify as a 'need[] ... disclosed by the insureds' that would trigger an agent's duty to provide such coverage if promised. … The term 'replacement coverage' […] connotes a specific type of coverage."); *see, e.g., Barlow*, 2025 WL 1139489, at *2-3.

replacement cost coverage, and Welty was required to disclose the same to Plaintiffs but failed to. Pet. ¶¶ 16, 22-23, 25-28, 35-36, 40(c) & (f), 63(b)(iv), 73(c); *see Neff v. Westchester Sur. Lls. Ins. Co.*, 2023 WL 6065842, at *2 (N.D. Okla. 2023); *Ross*, 2024 WL 1092540, at *2-3 (allegations the agent sold a policy that did not protect them from what they were promised supported negligent procurement claim). Welty's specialized knowledge of the terms and conditions of State Farm's policies gives rise to the duties owed to Plaintiffs. *See Swickey v. Silvey Co.*, 1999 OK CIV APP 48, 979 P.2d 266, 269. It falls outside of any State Farm agent's reasonable care and skill (including that of Welty) to sell and/or renew policy coverage year after year (all while collecting valuable premiums and commissions there upon) only for the insured to be ambushed with purported pre-existing damage (here, ***wear and tear, deterioration, granule loss, age, improper ventilation***) that negates full replacement coverage of the totaled roof. *See* Pet. ¶¶ 36, 40(c) & (f).[12] If actually present, Welty should have discovered and disclosed any purported pre-existing damage to Plaintiffs at Policy inception and upon each annual renewal. *See* Pet. ¶¶ 22-24, 26, 36, 40(c) & (f), 63, 73-75.

Welty's failures and misrepresentations make Welty liable to Plaintiffs in tort. *See Johnson v. Shelter Mut. Ins. Co.,* 2024 WL 1009548, at *4 (E.D. Okla.), *R&R adopted,* 2024 WL 1178487 (E.D. Okla. 2024); *Kyger*, 649 F. Supp. 3d at 1206; *Whitby*, 2023 WL

---

[12] Plaintiffs were unaware that State Farm's finding here is also based on a limited and narrow definition of what constitutes "hail damage," which is absent from the Policy. Pet. ¶¶ 35, 40. Welty had knowledge of the Scheme, which includes the Hail Focus Initiative, yet failed to disclose any of this critical information to Plaintiffs at any time. Pet. ¶¶ 4, 10, 25-28, 34-36, 40, 42-43, 63, 73-75.

11763365, at *1 (N.D. Okla.) (remanding on allegations the agent did not "independently verify the condition of [the property] and report that it did not qualify for full replacement coverage because of its age or condition."). Plaintiffs thereby state a viable claim for negligent procurement against Welty. *See Oxsen v. Philadelphia Am. Life Ins.*, 2023 WL 2823992, at *2 (W.D. Okla.) (agent plausibly liable for failing to obtain insurance of a certain breadth after agreeing to do so); *Shira*, 2023 WL 4624701, at *1 (allegations policy provided narrower coverage than promised created viable negligent procurement claims).

Chief Judge DeGiusti remanded substantially similar negligent procurement claims where the plaintiff alleged "one reason why State Farm rejected [Plaintiff's] claim was that any loss was caused by preexisting damage and therefore not covered." *Kyger*, 649 F. Supp. 3d at 1206 ("This allegation arguably implicates [the agent's] inspection of the [property], State Farm's underwriting guidelines, and coverage."); *see also Pruitt*, 2025 WL 1030353, at *3-4. Judge Frizzell remanded similar allegations: "because the Policy allegedly did not provide ... coverage as requested due to [the agent's] failure to perform a reasonable or proper inspection[,] ... the court cannot say there is no possibility the plaintiffs will be able to establish ... negligent procurement." *Whitby*, 2023 WL 11763365, at *1. So, too, did Judge Eagan. *See Wedin v. Allstate Vehicle & Prop. Ins. Co.*, 2023 WL 6806995, at *4 (N.D. Okla.) ("allegations an agent "did not use reasonable skill, care, and diligence in procuring [an] insurance policy by failing to properly [inspect] the [property's] conditions, [and] there[by] improperly driving up the cost of their premiums ... presents a viable avenue for recovery against [the agent]."). These cases exemplify the vast majority of Oklahoma federal court holdings.

Plaintiffs' allegations sufficiently state a "reasonable basis in fact and colorable grounds" for remand. *See Bartholomew*, 2022 WL 22879674, at *2 (Jones, D.J.); *Ervin*, 2022 WL 22839581, at *3 (Palk, D.J.) ("Plaintiffs could establish [Agent] agreed to procure specific coverage, failed to do so through partial or incomplete disclosures, [Agent] benefited from that breach and plaintiffs were prejudiced because the insurance they purchased did not provide the coverage as expected or requested.").

**2.    State Farm's Attempts to Invoke Primary Jurisdiction Fall Flat.**

State Farm's invocation of the primary jurisdiction of the Insurance Commissioner falls flat. *First*, the Court need not address this; Plaintiffs' claims are properly pled. With respect, the Court lacks jurisdiction and issuance of a stay or dismissal would be improper on any grounds, including but not limited to any applicable primary jurisdiction.

*Second*, even if the Court entertains State Farm's argument, no such primary jurisdiction applies. A plain reading of Plaintiffs' Petition shows Plaintiffs invoke the nature of State Farm's form policy, not its terms or legality. Plaintiffs have not attacked the rates (*i.e.*, amount of premiums) State Farm charges for its coverage or asserted that any specific terms of the form policy are unlawful.

Rather, the Petition puts Welty's and State Farm's ***conduct*** at issue—conduct properly redressed by torts under Oklahoma common law by private Plaintiffs. Nothing in Plaintiffs' Petition invokes the filed-rate doctrine or any primary jurisdiction of the OID.[13]

---

[13] State Farm's use of a form policy shows the broad, uniform nature of its Scheme—that the hidden claims handling criteria it uses to adjudicate wind and hailstorm claims are wholly absent from the four corners of the document in each instance. Pet. ¶¶ 29-35.

Moreover, State Farm's flawed logic would have the Court completely eviscerate any private right of action against *any* insurance provider or agent when a form policy is in play—almost every instance of a State Farm homeowners' policy. This is not the law, as common law torts for bad faith, negligent procurement, negligent misrepresentation, and constructive fraud have all been found proper. *See, e.g.*, Note 4, *supra*.

Finally, State Farm's argument warrants remand as it is an impermissible application of a common defense in violation of the "Mutual Defenses" or "Common Defense" Rule. *See, e.g.*, *Powers v. Wireless Horizon, Inc.*, 2017 WL 550581, *7-8 (E.D. Mo. Feb. 10, 2017) (no removal on "common defense"-predicated fraudulent joinder that would dispose of all defendants; collecting cases, showing consistency across all examining circuits); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

The same is true of State Farm's reliance upon the NAIC. Defendants should not be allowed to cloak their misconduct in self-serving, industry-defined terms when their conduct falls outside the duties they plainly owe Oklahoma consumers such as Plaintiffs.

### 3.  State Farm Misdirects the Court Toward Its Own Claims Handling.

Next, State Farm again ignores Plaintiffs' allegations and argues it was State Farm (and State Farm alone) that caused Plaintiffs' damages. Not. ¶¶ 11-12, 16-17, 27, 30.

Chief Judge DeGiusti found the agent's alleged representations about the policy and coverage sufficiently supported claims against ***the agent***. *Phillips*, 2023 WL 336142, at *4 (W.D. Okla. 2023). In *Phillips*, State Farm argued "[p]laintiffs were not harmed by [the agent's] failure to procure a particular type of policy but instead by State Farm's adjustment of the claim ... because the policy provide[d] the coverage [the agent] allegedly promised:

full replacement cost coverage." *Id.*, at *3. But "State Farm's arguments ignore the totality of Plaintiffs' pleading and improperly prejudge the credibility of Plaintiffs' allegations." *Nelson*, 647 F. Supp. 3d 1189, at *1192 (W.D. Okla. 2022).[14]

The Court should not offer State Farm any presumption it correctly and appropriately adjusted Plaintiffs' claim. *See Sang*, 2020 WL 6472683, at *4 (rejecting substantially similar arguments; "presum[ing insurers] accurately investigated and evaluated [Plaintiffs'] claim[s]" is inappropriate on remand). Rather, Plaintiffs' factual allegations are entitled to a presumption of truth. *Id.* at *3-4; *see also Ross*, 2024 WL 1092540, at *3; *Shira*, 2023 WL 4624701, at *2; *Champion*, 2023 WL 11944492, at *2-3.

### 4.    State Farm's Remaining Arguments Are Equally Unavailing.

State Farm's remaining arguments are equally unsupportive of removal. For example, State Farm attempts to revise Plaintiffs' negligent procurement claim as being premised in part on policy limits, which Welty negligently calculated. State Farm claims that, because the policy limits exceeded the amount of damage to the property's roof, "any issue as to coverage amounts" cannot be asserted as a basis for a claim.

State Farm's interpretation of Plaintiffs' allegations is reductive and misleading. Indeed, this isn't an underinsurance case. Rather, Plaintiffs pled Welty voluntarily

---

[14] *See also, e.g., Ervin*, 2022 WL 22839581, at *3 ("Plaintiffs could establish [the agent] agreed to procure specific insurance coverage, failed to do so[,] ... [the agent] benefited from that breach and Plaintiffs were prejudiced because the insurance did not provide the coverage as expected or requested."); *McDow*, 2022 WL 17960457, at *2 ("[Plaintiff] was prejudiced by [the agent's] breach because she purchased an insurance policy that did not provide the coverage she expected or requested.").

undertook a duty to use reasonable care, skill, and diligence in determining replacement cost for Plaintiffs when he chose to calculate Plaintiffs' replacement cost coverage limits. Pet. ¶¶ 15(b), 25-26, 30, 62. Neither Welty nor State Farm sought for Plaintiffs to calculate this value with a specific amount of coverage. Pet. ¶¶ 26(f), 28.

This is relevant because Welty marketed, represented, and sold/renewed the policy as a replacement cost policy. Pet. ¶¶ 14, 25-28. Welty provided a value to Plaintiffs that represented 100% insurance to value. Pet. ¶¶ 18, 20, 25-26, 30, 63. The only way Welty could do this—acting on the reasonable care, skill and diligence he was duty-bound to use—is by first verifying the condition of the home prior to binding coverage. Pet. ¶¶ 15-20, 28, 30. Thus, by providing this value to Plaintiffs in the form of RCV and resultant replacement cost coverage limits, Welty effectively doubled down on his representation that he had inspected the home, considered its condition, and calibrated the policy and its limits accordingly. Pet. ¶¶ 22-24. Plaintiffs reasonably relied on these misrepresentations and omissions by purchasing the Policy and paying premiums; as a result, Plaintiffs purchased an insurance contract which did not provide the replacement cost coverage promised. *See* Pet. ¶¶ 25-28, 63, 73.

**C.    Plaintiffs Pled Viable Claims for Misrepresentation and Constructive Fraud.**

**1.    State Farm's Agents Owe Duties to Their Insureds.**

Liability attaches when State Farm's agents choose to speak yet fail to do so with honesty or thereby create a false impression by selectively disclosing facts. *See Ervin*, 2022 WL 22839581, at *3 (citing *Uptegraft v. Dome Petro. Corp.*, 764 P.2d 1350, 1353–54 (Okla. 1988) ("Although a party may keep absolute silence and violate no rule of equity,

yet, if he volunteers to speak and to convey information which may influence the conduct of the other party, he is bound to disclose the whole truth")); *McDow*, 2022 WL 17960457, *2 (granting remand and finding that, as alleged, the agent had "a duty to speak based upon a partial disclosure because ... [the agent] represented [] that there were no preexisting issues with [plaintiff's] property ... that would limit or restrict coverage ... and [] the dwelling met all of State Farm's underwriting requirements"); *Downing Trucking, Inc. v. Cline Wood Agy.*, 2007 WL 2816200, at *5 (W.D. Okla. Sept. 26, 2007) (disclosure of some facts and concealment of others supports a valid claim for constructive fraud).

Once Welty *chose* to represent to Plaintiffs that the condition of the insured property was sufficient for coverage under a State Farm policy, Welty's duty to do so honestly arose. Pet. ¶¶ 18-24, 25(c)-(f), 26-28, 72-73; *see S. Sooner Holdings, LLC v. Travelers Indem. Co. of Am.*, 2022 WL 17831395, at *2 (E.D. Okla. Dec. 21, 2022) ("once [the agent] did speak about the property, it had a duty to speak truthfully."). That duty exists regardless of whether Welty "volunteer[ed] information about the coverage afforded under the Policy ... on his own initiative or in response to [insureds'] inquiries." *Ford v. Liberty Mut. Ins. Co.*, 2020 WL 259554, at *3 (W.D. Okla. 2020). Liability for breach can attach to the agent individually. *See Bartholomew*, 2022 WL 22879674, at *2 ("insurance agent acting within the scope of his authority for an insurer may be individually liable for fraud"). Welty's "fail[ure] to accurately relay to [insureds] the nature and character of their insurance, whether on [her] own initiative or in response to [insureds'] inquiries," supports a claim for constructive fraud for the purposes of remand. *Ervin*, 2022 WL 22839581, at *2; *see, e.g.*, *Jackson*, 647 F.Supp.3d at 1200–01 (coverage assurances later proven false, support

21

viable claims against agent).

Courts across this Circuit agree an agent can be liable where the condition and satisfaction of underwriting guidelines are misrepresented. *See Harris*, 2024 WL 1957315, at *2 (reaffirming the validity of negligent misrepresentations claims against similar allegations that the agent represented the roof was free from any preexisting damage where the hail-damage claim was subsequently denied based on preexisting damage to the roof); *Ervin*, 2022 WL 22839581, at *2-3 (finding a negligent misrepresentation claim valid on similar allegations that the agent misrepresented "their roof met all underwriting requirements and that there was nothing about the condition of the roof that would exclude coverage or render the roof ineligible for replacement cost coverage in the event of any weather-related event"); *Kyger*, 649 F. Supp. 3d at 1206 (similar allegations "implicate the [agent's] inspection of the roof, State Farm's underwriting guidelines, and coverage," supporting remand); *McDow*, 2022 WL 17960457, at *2 (granting remand and finding that, as alleged, the agent had "a duty to speak based upon a partial disclosure because ... [the agent] represented [] that there were no preexisting issues with [plaintiff's] property ... that would limit or restrict coverage ... and [] the dwelling met all of State Farm's underwriting requirements"); *S. Sooner Holdings, LLC*, 2022 WL 17831395, at *2 (once the agent "chose to speak about a lack of preexisting issues with Plaintiffs' property ... it had a duty to speak truthfully"). State Farm has given this Court no reason to hold otherwise.

### 2.    Plaintiffs' Claims Are Pled with Particularity.

The Petition is replete with facts setting forth the gravamen of a fraud claim: the who, what, where, and when of the misrepresentations and duty-based omissions.

State Farm overstates the specificity required to satisfy Rule 9(b). Particularity is satisfied where a pleading "set[s] forth the *time*, *place,* and *contents* of the false representation, the identity of the party making the false statements and the *consequences* thereof[.]" *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000). Breach of duty to disclose requires "an identification of the duty to disclose and the fact allegedly concealed." *See, e.g.*, *id.* Rule 9(b) "does not require a plaintiff to specify the *exact* time and place that the alleged fraud occurred." *Wells v. Johnson & Johnson*, 554 F. Supp. 3d 1207, 1214 (W.D. Okla. 2021). "[S]pecific dates are not necessary [to satisfy particularity]." *Id.* Allegations of fraud "during the insurance application process" satisfy particularity. *Estrada v. Kriz*, 2015 OK CIV APP 19, 345 P.3d 403, 407. Plaintiffs' allegations satisfy the particularity requirement for fraud:

**WHEN**: Welty made actionable misrepresentations and omissions at the inception of coverage—procurement, sale, and binding. *See* Pet. ¶¶ 4, 10, 17-28, 34-36, 62-64, 72-74. These continued with each of Welty's subsequent renewals of the policy. *See* Pet. ¶¶ 21-22, 26, 74.

**WHERE**: Welty's fraudulent misrepresentations and omissions took place through his captive State Farm agency (*see* Pet. ¶ 7), while binding and procuring coverage (*see* Pet. ¶¶ 17, 19, 21, 23, 25-27), during communications (and lack thereof) between Welty and Plaintiffs (*see* Pet. ¶¶ 21-22, 25-28, 30, 34-36, 40(c) & (f), 42, 63-64, 73-74), and in representations made on Welty's website (*see* Pet. ¶ 17).

**WHAT**: Welty misrepresented that the Policy would provide the coverage requested by Plaintiffs (that is, "the full amount needed to replace the Insured Property in

the event of a loss[]"). *See* Pet. ¶¶ 17-19, 25-26, 30, 63(a)(i)-(iv), 73(a), 73(d)-(e), 74 (footnotes omitted). Welty misrepresented that the Insured Property qualified (and satisfied all underwriting guidelines) for full replacement cost coverage under the Policy. *See* Pet. ¶¶ 18-24, 63(b)(i)-(vii), 73(a)-(b), 74. Welty "misrepresented that the Insured Property (and, specifically, its roof) was eligible for comprehensive full replacement coverage (rather than ACV)." Pet. ¶ 73(b). Welty omitted material facts about the Scheme. Pet. ¶¶ 4, 10, 26(a)-(h), 34-39, 40, 42, 63(b)(iv) & (vii), 73(f)-(g). Welty withheld material information pertaining to how State Farm handles claims of property damage, hidden definitions and standards, any facts regarding State Farm's scheme, "and other material information any insured would deem reasonable in making a purchasing decision." Pet. ¶ 73(f)-(g). **Most damningly—Welty omitted material facts pertaining to the Insured Property's coverage (and qualifications for replacement cost coverage) under the Policy**. Pet. ¶¶ 25(e)-(f), 26(a)-(h), 34-39, 40(c) & (f), 42, 62-63, 73-74. Welty "failed to disclose that pre-existing issues with the Insured Property would either prevent issuance of the replacement cost coverage or limit coverage for any damage during the Policy period." Pet. ¶ 73(c); *see also* Pet. ¶¶ 22-28, 36, 40(c) & (f).

State Farm ignored patent roof damage and attributed it to pre-existing causes of loss to avoid the cost of full replacement. Pet. ¶¶ 35-36, 40(c) & (f), 55. Welty therefore "misrepresented the procurement of the comprehensive coverage Plaintiffs requested" (Pet. ¶ 73(d)) and "misrepresented that the Policy covered all fortuitous losses and that weather-related damage (even cosmetic)—big or small—was fully covered." Pet. ¶ 73(e).

### 3.    State Farm's Remaining Arguments Are Equally Unavailing.

State Farm includes additional arguments that do not support removal. For example, State Farm asserts insureds are responsible for reading and knowing the terms of the insurance contract. *See* Not. ¶ 32. This assertion is yet another attempt to misconstrue Plaintiffs' allegations and misdirect the Court from Welty's conduct. It is also false.

"Under Oklahoma law, an insured has no duty to read his written policy and notice discrepancies between it and previous representations of a soliciting agent." *Bus. Interiors, Inc. v. Aetna Cas. and Surety Co.*, 751 F.2d 361, 364 (10th Cir. 1984); *see also Ervin v. Minnesota Life Ins. Co.*, 2020 WL 2521510, at *2 (E.D. Okla. 2020). Rather, it is well-settled that an insured is entitled to the assumption that their insurance policy "conforms to the representations of the soliciting agent." *Warner v. Continental Cas. Co.*, 1975 OK CIV APP 19, 534 P.2d 695, 699; *see also Atlas Life Ins. Co. v. Sullivan*, 1935 OK 684, 52 P.2d 28, 30; *Cook v. Medical Savings Ins. Co.*, 2006 WL 898157, at *9-10 (W.D. Okla. 2006). Plaintiffs have no specialized insurance knowledge, while Welty has specialized knowledge of the terms and conditions of the policy. *See Swickey*, 979 P.2d at 296 ("Agency had a duty to act reasonably, given the specialized knowledge it possessed of the terms and conditions of insurance policies generally."). State Farm's removal fails.

## IV.     REQUEST FOR RELIEF

State Farm's removal to this Court was improper. In resolving all ambiguities in Plaintiffs' favor, the Court is presented with at least plausible claims against Welty. State Farm has failed to carry its heavy burden to show Plaintiffs' claims against Welty are so convincingly meritless to be disregarded as a matter of law. Remand is therefore proper.

Respectfully submitted,


/s/ *John Sanders*
Reggie N. Whitten, OBA No. 9576
Michael Burrage, OBA No. 1350
Blake Sonne, OBA No. 20341
Hannah Whitten, OBA No. 35261
John S. Sanders, OBA No. 34990
Jake Denne, OBA No. 35097
**Whitten Burrage**
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Office:        405.516.7800
Facsimile:     405.516.7859
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
bsonne@whittenburragelaw.com
hwhitten@whittenburragelaw.com
jsanders@whittenburragelaw.com
jdenne@whittenburragelaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2025, I electronically transmitted the above document to the Clerk of the Court and all parties of record using the Court's ECF filing System.


/s/ *John Sanders*