# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER PRUITT,          )
                                 )
       Plaintiff,             )
                                 )
v.                             )   Case No. CIV-25-43-D
                               )
STATE FARM FIRE AND CASUALTY   )   (Remanded to Oklahoma County
COMPANY; and JIM MOORE,        )   District Court, Case No.
                               )   CJ-2024-7828)
       Defendants.         )

## ORDER

Before the Court is Plaintiff's Motion to Remand [Doc. No. 13]. Defendant State Farm Fire and Casualty Company filed a response [Doc. No. 17], to which Plaintiff replied [Doc. No. 18]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff owned property located in Washington County, Oklahoma, which was insured under a State Farm policy. Plaintiff purchased the insurance policy through his agent, Jim Moore. The property was damaged by a storm on or about May 6, 2024. Plaintiff filed this action in state court on December 6, 2024, alleging that State Farm had denied Plaintiff's insurance claim for the damage. In addition to his claims against State Farm, Plaintiff asserted claims against Jim Moore for fraudulent concealment, negligent procurement of insurance, and constructive fraud and negligent misrepresentation.

State Farm timely removed the case to this Court on January 10, 2025. In its notice of removal, State Farm alleges that complete diversity exists under 28 U.S.C. § 1332, and the amount in controversy exceeds the threshold for diversity jurisdiction [Doc. No. 1].

1

**EXHIBIT 3**

Although Jim Moore is a non-diverse party, State Farm contends that Jim Moore was fraudulently joined by Plaintiff to defeat diversity jurisdiction.

On February 10, 2025, Plaintiff filed the present motion to remand, arguing that State Farm cannot meet its "heavy burden" to show fraudulent joinder.

## STANDARD OF DECISION

Subject-matter jurisdiction over this case turns on the issue of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). As the removing party, State Farm must establish federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). To satisfy the "heavy burden on the party asserting fraudulent joinder," State Farm must show under the "actual fraud" prong that Plaintiff essentially "lied in the pleadings." *Sanelli v. Farmers Ins. Co.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *2 (W.D. Okla. June 2, 2023) (quotation omitted). Under the "inability to establish a cause of action" prong, State Farm must show that there is no possibility that Plaintiff would be able to establish a cause of action against Jim Moore in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000)

(unpublished)[1] (quotations and citation omitted); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

"[U]pon specific allegations of fraudulent joinder, the court may pierce the pleadings, … consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). The nonliability of a defendant alleged to have been fraudulently joined must be "established with complete certainty." *Smoot*, 378 F.2d at 882; *Dodd*, 329 F.2d at 85. "This standard is more exacting than that for dismissing a claim under FED. R. CIV. P. 12(b)(6)." *Montano*, 2000 WL 525592, at *2. "[A]ll factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988.

### Plaintiff's Allegations

On May 6, 2024, Plaintiff's property was damaged in a storm. Plaintiff timely filed an insurance claim for the damage. At all relevant times, Plaintiff's property was covered by Plaintiff's policy with State Farm. Jim Moore sold the State Farm policy to Plaintiff. [Doc. No. 1-5, Petition, at ¶¶ 5, 27].

Plaintiff contacted Jim Moore to produce full replacement cost homeowners insurance coverage from State Farm. Plaintiff requested that Jim Moore obtain a replacement cost policy that would provide coverage for the insured property in the event

---

[1] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

of a loss. In procuring the policy, Jim Moore "independently established, calculated, and set the Policy's replacement cost value and resultant policy coverage limits" and "insured the Insured Property to 100% of its alleged replacement cost value." Pet. at ¶¶ 25(a)-(c).

Prior to issuing the policy, neither State Farm nor Jim Moore inspected the property or procured a third-party inspection. Jim Moore did not verify the condition of the roof; did not disclose to Plaintiff that his property was ineligible for the requested replacement cost coverage for any reason; did not advise Plaintiff that the property had any pre-existing damage that would exclude it from replacement cost coverage; did not inform Plaintiff of any condition that would exclude the property's roof from full replacement cost coverage; and did not disclose to Plaintiff that the replacement cost value calculated for the property did not in fact represent 100% insurance to value. Pet. at ¶¶ 26(a)-(h).

Following Plaintiff's submission of the insurance claim, State Farm sent an adjuster to the property to conduct an inspection. Thereafter, State Farm prepared an estimate of $2,519.60 for the cost to repair the damage to Plaintiff's property. In doing so, State Farm "manipulated its damage report by limiting it to a rooftop vent, some windows, an air conditioning system condenser fin, and a portion of a rear elevation wood post" and "wholly ignored the patent wind and hail damage to the roofing shingles." Pet. at ¶ 40(c)-(d).

Plaintiff sought a third-party inspection, which resulted in a report finding "substantially more damage to, and higher repair costs for, the Insured Property's roof than what is reflected in State Farm's estimate." Pet. at ¶ 40(f). The third-party inspection included an estimate of $20,013.85 for the cost to repair and/or replace the damage to the

4

property's roof. Pet. at ¶ 40(g). State Farm has not remitted payment to Plaintiff under the policy. Pet. at ¶ 40(h).

State Farm engages in a "systematic and pervasive scheme throughout Oklahoma, whereby State Farm wrongfully denies its insureds' claims for damage to their covered property caused by wind and/or hail." Pet. at ¶ 3. State Farm utilizes agents, and in this case, Jim Moore, to represent to the insured that "the property to be insured meets State Farm's underwriting requirements for the coverage bound" and "the replacement cost value (and resultant coverage limit) State Farm's agent calculated for the insured is accurate." Pet. at ¶¶ 3, 4(a). State Farm's agent then "wholly fails to disclose the scheme to the insured," to include that State Farm "uses a very narrow and limited definition of what constitutes hail damage that is not contained in the insureds' policies." Pet. at ¶ 4(b).

For his negligent procurement claim against Jim Moore, Plaintiff alleges that Jim Moore knowingly procured and renewed: illusory coverage; coverage deviating substantially and materially from that which Plaintiff requested; a policy that did not accurately reflect the replacement cost of the property; and a policy that, as written, did not provide coverage to fully restore the insured property back to its pre-loss condition. Plaintiff further alleges in part that Jim Moore failed to: abide by State Farm's underwriting policies and procedures; confirm the accuracy of the replacement cost value; disclose all material facts of State Farm's alleged scheme; and procure and renew a policy that provided the coverage requested by Plaintiff. Pet. at ¶ 63.

**DISCUSSION**

**I.      Inability to State Cause of Action – Negligent Procurement**

Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Kutz v. State Farm Fire & Cas. Co.*, 189 P.3d 740, 744-45 (Okla. 2008) (citation omitted). To that end, agents must "offer coverage mandated by law and coverage for needs that are disclosed by the insureds…." *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 83 P.3d 894, 895 (Okla. 2003).

Upon careful consideration of the record, the Court finds that State Farm has not met its heavy burden to show – with complete certainty – that Plaintiff cannot state a negligent procurement claim against Jim Moore in state court.[2] *See Oliver v. State Farm Fire & Cas. Co.*, No. CIV-24-789-SLP, 2025 WL 457112, at *2-3 (remanding case involving negligent procurement claim where the plaintiff alleged in part that "State Farm's denial was contrary to the [agents'] representations that all underwriting requirements had been met and that there were no preexisting issues with the roof that would limit or restrict coverage"); *see also Ross v. State Farm Fire & Cas. Co.*, No. CIV-23-189-JD, 2024 WL 1092540, at *2-3 (W.D. Okla. Mar. 13, 2024) (remanding case involving negligent

---

[2] Given this determination, the Court need not address Plaintiff's fraud and constructive fraud claims against Jim Moore. *See Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) (explaining that a fraudulent joinder analysis turns on "whether there is a reasonable basis to believe the plaintiff might succeed in *at least one claim* against the non-diverse defendant.").

procurement claim where the insurance agent allegedly told the insured that their home was in good condition, without preexisting issues, despite State Farm later denying the insured's claim on that basis); *see also Kyger v. State Farm Fire & Cas. Co.*, 649 F.Supp.3d 1200, 1206 (W.D. Okla. 2022) (remanding negligent procurement claim where the plaintiff alleged that "she requested from [her agent] 'full replacement cost coverage for her roof' which was not procured as promised, … that [the agent] represented that 'there was nothing about the condition of the roof that would preclude full replacement[,]'" and that the agent's representation was "inconsistent with State Farm's denial of her claim because the hail damage '[did] not penetrate the shingle mat.'").

State Farm cites to this Court's recent decision, *Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.*, No. CIV-24-1101-D, 2025 WL 582562 (W.D. Okla. Feb. 21, 2025). In *Rain Drop*, the Court largely based its denial of remand on actual fraud in the plaintiff's allegations. Specifically, the plaintiff alleged that its agent represented that damaged shingles would be replaced in conformance with the manufacturing specifications and "further explained this was true because the Policy term, 'similar construction' guaranteed replacement with identical or near identical equivalents of quality." *Rain Drop Found., Inc.*, 2025 WL 582562, at *3. However, the term "similar construction" did not appear in the plaintiff's policy, "lending credence to the possibility that there [was] no good faith basis by which to allege" that the agent had represented or explained "similar construction." *Id.* In further finding that the agent could not be liable for negligent procurement of insurance, the Court distinguished *Rain Drop* from other cases in which it was alleged that 1) the insurer denied the claim in part due to pre-existing damage; and 2)

7

the "insurance agent had allegedly underwritten the policy and may have, through negligence or constructive fraud, failed to communicate the consequences of the preexisting damage." *Id.*, at *8.

In this case, Plaintiff contends that pre-existing damage was the basis for State Farm's policy denial and, further, that Jim Moore was negligent in performing his underwriting duties. Thus, the Court finds that this case is less analogous to *Rain Drop*, and more analogous to *Kyger* and *Oliver*, cited above. Upon careful consideration of Plaintiff's allegations, and construing fact issues in favor of Plaintiff, the Court finds that State Farm has failed to establish with complete certainty that Plaintiff cannot establish a negligent procurement claim against Jim Moore in state court. Accordingly, State Farm has not met its "heavy burden" to establish fraudulent joinder.

## II.    Actual Fraud in the Pleading of Jurisdictional Facts

As stated above, to show actual fraud in the pleading of jurisdictional facts "basically requires a showing that plaintiff lied in the pleadings." *Sanelli*, 2023 WL 3775177, at *2. In its notice of removal, State Farm contends that Plaintiff has engaged in fraud in the pleading of jurisdictional facts. In support, State Farm primarily argues that various plaintiffs' counsel have brought an increasing number of cases against State Farm and other insurers based on identical underwriting failures, and that this is indicative of fraud.

As State Farm is likely aware, several judges in this district have found that allegations of cookie-cutter complaints are, alone, insufficient to establish fraudulent joinder. *See Norman v. State Farm Fire & Cas. Co.*, No. CIV-24-1132-R, 2025 WL

342871, at *4 (W.D. Okla. Jan. 30, 2025) ("[T]he Court is not persuaded that the similarity in the allegations or the number of cases filed by Plaintiffs' counsel is necessarily suggestive of fraud in this action. Moreover, as Plaintiffs note, the Petition alleges that the agents are an essential component of State Farm's scheme to wrongfully deny claims, and some similarity in statements or conduct is therefore conceivable."); *Stacy v. State Farm Fire & Cas. Co., et al.*, No. CIV-22-883-PRW, 2023 WL 11915451, at * 2 (W.D. Okla. Dec. 29, 2023) (granting remand in the face of an "apparent pattern of 'cookie-cutter' petitions"); *Rain Drop Found., Inc.*, 2025 WL 582562, at *5 ("The Court is not persuaded that the sheer quantity of similar claims alleged against insurance agents is enough to satisfy the high burden necessary to prove fraudulent joinder."); *Martin v. Allstate Vehicle and Prop., Ins. Co.*, No. CIV-23-739-SLP, 2024 WL 3510301, at *2 (W.D. Okla. July 23, 2024) ("[T]his Court, and multiple other federal district courts within the state of Oklahoma have rejected claims of fraudulent joinder on substantially similar allegations made in support of virtually identical claims for relief.").

Upon consideration, the Court finds that State Farm has not met its high burden to show actual fraud in the pleading of jurisdictional facts based on the growing number of similar allegations against State Farm and other insurers. The Court further finds that State Farm's remaining examples of actual fraud – to include State Farm's argument that Plaintiff has failed to allege how the agents are involved in the alleged insurance scheme – instead speak to the merits of Plaintiff's underlying claims, not whether Plaintiff committed actual fraud in the pleadings. Accordingly, the Court finds that State Farm has

insufficiently demonstrated actual fraud in the pleading of jurisdictional facts for purposes of fraudulent joinder.

## CONCLUSION

For the reasons stated herein, the Court finds that State Farm has not established fraudulent joinder, and this Court lacks subject-matter jurisdiction. **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand [Doc. No. 13] is **GRANTED**, and the case is **REMANDED** to the District Court of Oklahoma County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Oklahoma County. Each side shall bear their own attorney's fees, costs, and expenses incurred as a result of the removal and remand.

**IT IS SO ORDERED** this 7th day of April, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge