# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMBER STAFFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )  NO. CIV-25-0008-HE |
| | ) |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY and MIKE MUECKE | ) |
| INSURANCE AGENCY, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Amber Stafford (Stafford) has moved to remand this case to state court. It was previously removed by defendant State Farm Fire and Casualty Company (State Farm) from the District Court of Oklahoma County, State of Oklahoma.

According to the state court petition, Stafford purchased a homeowner's policy from State Farm providing replacement cost coverage. The policy was purchased through State Farm's alleged "captive agent," defendant Mike Muecke Insurance Agency, Inc. (MMIA). Subsequently, Stafford's property sustained wind and hail damage during a storm. She timely filed a claim in accordance with the policy. State Farm prepared an estimate of $9,695.27 for repair or replacement of the damage. After applying the policy deductible, State Farm issued payments totaling $5,421.81. According to Stafford, the payments were drastically below the amount required to cover the total roof replacement that her property

EXHIBIT 1

needed,[1] and State Farm manipulated its loss findings to avoid paying her all the amounts due under the policy pursuant to a "systematic and pervasive" scheme.

Thereafter, Stafford filed this case in state court. She asserted claims for breach of contract, breach of the duty of good faith and fair dealing, and constructive fraud and negligent misrepresentation against State Farm. In addition, she asserted claims against MMIA for negligent procurement of insurance and constructive fraud and negligent misrepresentation.

State Farm removed the case on the basis of diversity jurisdiction under 28 U.S.C. § 1332. While acknowledging Stafford and MMIA's citizenship is not diverse, State Farm contended MMIA's citizenship was immaterial to the diversity of citizenship determination because MMIA was fraudulently joined as a defendant.

Stafford's motion argues MMIA was properly joined as a defendant and that diversity is therefore lacking as a basis for jurisdiction. State Farm has responded, continuing to assert MMIA was fraudulently joined as a defendant, and Stafford has replied. Both parties have also submitted notices of supplemental authority in support of their respective positions. Upon review, the court concludes that State Farm has met the heavy burden of proving MMIA was fraudulently joined within the meaning of the applicable removal standards. *See* Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013) ("The defendant seeking removal bears a heavy burden of proving fraudulent joinder[.]") (quotation marks and citation omitted).

---

[1] *Stafford's contractor had submitted a damage estimate of $29,148.18.*

2

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Dutcher, 733 F.3d at 988 (quotation marks, citation and alteration omitted). State Farm relies on both prongs of this test. Because the court concludes State Farm has satisfied the second prong—inability to establish a cause of action against MMIA—the court need not address the first prong.

Under the second prong, State Farm must demonstrate "there is no possibility that [Stafford] would be able to establish a cause of action against [MMIA] in state court." Montano v. Allstate Indemnity, Case No. 99-2225, 2000 WL 525592, at *1 (10th Cir. April 14, 2000) (citation omitted); *see also* Brazell v. Waite, 525 Fed. Appx. 878, 881 (10th Cir. 2013) ("In general, the removing party must show that the plaintiff has no cause of action against the fraudulently joined defendant.") (internal quotation marks and citations omitted). The nonliability of MMIA must be "proven with complete certainty." Smoot v. Chicago, R.I. & P.R. Co., 378 F.2d 879, 882 (10th Cir. 1967).

In deciding the fraudulent joinder issue, "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964). The court, however, may not "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination[.]" *Id*.

As noted above, Stafford asserts claims against MMIA for negligent procurement of insurance and constructive fraud and negligent misrepresentation. With respect to the first claim, Oklahoma law recognizes that "an insurance agent may be liable . . . in tort for

3

failure to . . . use reasonable care, skill and diligence in the procurement of insurance . . . if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." Swickey v. Silvey Companies, 979 P.2d 266, 268-69 (Okla. Civ. App. 1999). An agent must "offer coverage mandated by law and for needs that are disclosed by the insureds[.]" Rotan v. Farmers Ins. Group of Companies, Inc., 83 P.3d 894, 895 (Okla. Civ. App. 2003). Stafford alleges she contacted MMIA to "procure full replacement cost homeowners insurance coverage from State Farm" and requested MMIA to "obtain a replacement cost policy that would provide coverage for the Insured Property in the event of a loss." Doc. #1-2, ¶ 25(a). In addition, she alleges MMIA was "aware that [she] need[ed] coverage under a policy that would fully replace the [property's] roof in the event of a loss, without exclusion of any weather-related loss." Id., ¶ 25(b). But it is completely certain, from the record, that Stafford received the policy she requested—a replacement cost value policy. There are no factual allegations to show the issued policy excluded a "weather-related loss." Indeed, the policy covered wind and hail damage. State Farm's estimate provided for replacement of Stafford's property damaged by hail, specifically, "the roof's soft metals, siding, windows, outdoor fencing, and a small section of [the] gutter system." Id., ¶ 40(e). However, State Farm also determined that "only the replacement of small patches of [the roof's] shingles, predominantly on a per-shingle basis" was required. Id. There are no factual allegations, or evidence in the record, to support a conclusion that this determination was based on any pre-existing condition or defect. The court concludes that Stafford has not shown a basis for establishing that MMIA failed to procure insurance as promised. And while Stafford asserts that the coverage she received was "illusory," she

4

provides no factual allegations to support the assertion. The fact that a claim under a policy is denied, or paid at a level less than that sought by the insured, does not, without more, render the policy illusory. Here, the court concludes there is no possibility of recovery against MMIA for negligent procurement of insurance.

As to the remaining claims — for constructive fraud and negligent misrepresentation — the court reaches the same conclusion. Under Oklahoma law, constructive fraud results from any "breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under [it], by misleading another to [her] prejudice, or to the prejudice of any one claiming under [her]." Okla. Stat. tit. 15, § 59. Thus, Stafford must establish a duty which has been breached by MMIA, that MMIA benefited from that breach, and that Stafford was prejudiced by the breach.

The Oklahoma Supreme Court has stated that although "a party may keep absolute silence and violate no rule of equity, . . . if [the party] volunteers to speak and to convey information, which may influence the conduct of the other party, [the party] is bound to disclose the whole truth." Uptegraft v. Dome Petroleum Corp., 764 P.2d 1350, 1353-54 (Okla. 1988). In other words, "[a] duty to speak may arise from partial disclosure, the speaker being under a duty to say nothing or to tell the whole truth." Id. at 1353. "One conveying a false impression by the disclosure of some facts and the concealment of others is guilty of fraud even though [the party's] statement is true as far as it goes, since concealment is in effect a false representation that what is disclosed is the whole truth." Id.

5

Stafford has not alleged, and the record does not contain, any factual allegations of a partial disclosure by MMIA which gave rise to a duty to speak and convey the information Stafford asserts should have been conveyed.  In her pleading and papers, Stafford asserts that MMIA failed to disclose all material information about State Farm's "bad faith claims handling tactics," its reliance on "undisclosed definitions and standards" outside the policy, and "internal and external complaints" about State Farm's handling of wind and hail claims.  However, there are no factual allegations that demonstrate MMIA disclosed any information that would have required MMIA to convey the information Stafford asserts was not disclosed.  The court concludes that Stafford cannot show any duty to speak on the part of MMIA.  As a result, the court concludes there is no possibility of recovery against MMIA for constructive fraud.

Under Oklahoma law, a claim for negligent misrepresentation requires "[1] a material misrepresentation by defendant made in the course of its business; [2] defendant's breach of a duty . . . in making the misrepresentation; [3] and reasonable reliance by the plaintiff, to her detriment, on the actions or words of the defendant." Sullivan v. Wyndham Hotels & Resorts, Inc., Case No. 21-7003, 2021 WL 5822690, at *2 (10th Cir. 2021) (quotation marks, citation and alteration omitted) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).  Stafford does not provide any factual allegations to show MMIA made any express statements which constitute representations by MMIA.  Instead, she asserts that MMIA's actions of procuring the policy and binding coverage and of renewing the policy impliedly represented to Stafford the property met State Farm's underwriting requirements and was eligible for coverage; the replacement cost value

6

MMIA had calculated was accurate, commensurate with actual reconstruction costs; and represented 100% "insurance to value;" the policy coverage included coverage for loss arising from wind or hail, and no condition, pre-existing damage, deterioration, wear-and-tear, or other defect negated the property's eligibility for full coverage under the policy.

Contrary to plaintiff's suggestion, the Oklahoma cases do not support the idea that an agent is required to personally inspect a premises before binding a policy or that, merely by binding or delivering a homeowner's policy, the agent impliedly or "inherently" represents that no exclusions in the policy potentially apply or that a claim will be paid. However, even if MMIA's acts constituted the representations asserted, the court concludes that Stafford cannot show that the representations were untrue or resulted in detriment to her. State Farm issued a homeowners policy providing replacement cost coverage to Stafford. As such, her property satisfied State Farm's underwriting requirements and was eligible for replacement cost coverage. There are no factual allegations to demonstrate the replacement cost value MMIA had calculated was inaccurate, not commensurate with actual reconstruction costs, or not representative of 100% "insurance to value." Moreover, the policy issued by State Farm included coverage for loss arising from wind or hail. There are also no factual allegations that the property had any preexisting condition or other defect that negated or limited the coverage for the property, specifically the roof. In sum, the alleged implied representations by MMIA were either true or not to Stafford's detriment. The court therefore concludes that there is no possibility of recovery against MMIA for negligent misrepresentation.

For the reasons stated, the court concludes that State Farm has established MMIA was fraudulently joined as a defendant and MMIA's citizenship must be disregarded for purposes of determining the existence of diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff's Motion to Remand [Doc. #15] is therefore **DENIED**.  Plaintiff's claim against defendant Mike Muecke Insurance Agency, Inc. is **DISMISSED WITHOUT PREJUDICE**.  In light of this disposition, defendant Mike Muecke Insurance Agency, Inc.'s Motion to Dismiss Petition [Doc. #4] is **STRICKEN as MOOT**.[2]

**IT IS SO ORDERED**.

Dated this 27th day of May, 2025.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2] The court previously stayed briefing as to MMIA's motion, pending disposition of the motion to remand [Doc. #17].

8