**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) BILLY HURSH, and<br>(2) LACY HURSH,<br><br>Plaintiffs,<br><br>v.<br>(1) STATE FARM FIRE AND CASUALTY COMPANY,<br>(2) MARK D. WELTY, and<br>(3) MARK D. WELTY INSURANCE AGENCY, INC.,<br><br>Defendants. | ) | Case No. 5:25-cv-00529-SLP<br><br>(Oklahoma County District Court Case No. CJ-2025-2626) |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S**
**SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Defendant State Farm Fire and Casualty Company ("State Farm") provides the following sur-reply (supplemental) brief in response to Plaintiffs' Reply in Support of Motion to Remand ("Reply") file July 2, 2025 [Dkt. 21]:

***First*****,** Plaintiffs cite to a Senate Homeland Security Committee hearing, but context must be provided in relation to these exhibits as none of them relate to Mark D. Welty or Mark D. Welty Insurance Agency, Inc. (collectively, the "Welty Defendants") and are completely irrelevant. Specifically, Plaintiffs cite to and attach the testimony of Jacob Vertel relating to his claim **in Asheville, North Carolina**. [Dkt. 21-1]. Plaintiffs also attach testimony of Douglas Quinn, which is a general complaint from an association that "monitors, identifies, and reports on insurer fraud," but acknowledges "there are thousands of dedicated, hard-working professionals who take pride in helping . . . families recover after a loss." [Dkt. 21-2].

***Second,*** Plaintiffs' cite to an email from Agent David Hoffhines in the *Hosier* case[1] is similarly misleading. [Dkt. 21-3]. The email itself shows it was sent in July 2020 and involves a different agent (*i.e.*, Mr. Hoffhines), who, for his part, testified the email was merely a "passionate response" meant to gather information about State Farm's claim decision in that case. *See* Hoffhines Dep., 140:13-18, Ex. 1.

***Third,*** Plaintiffs' cite to an email from Angela Dyrcz (who is clearly not Agent Mike Muecke), who identifies herself as Mike Muecke's Office Manager, is equally misleading and not from the agent sued in this case. None of these exhibits show a possibility of recovery in this case against the Welty Defendants based on "implied" representations that Plaintiffs allege arose as a result of the Welty Defendants "binding" coverage, ***which Plaintiffs then rely upon to allege the Welty Defendants had a duty to disclose State Farm's alleged claim handling practices.*** Plaintiffs do not argue otherwise in their Reply, opting instead to simply emphasize the alleged "Hail Focus Initiative" should have been disclosed, irrespective of any duty of disclosure on the part of the agent actually sued. *See Stafford v. State Farm Fire & Cas. Co.*, CIV-25-08-HE (W.D. Okla. May 25, 2025) (concluding that the plaintiff had not alleged any facts showing that the insurance agent had a duty to disclose State Farm's bad faith claims handling or undisclosed definitions), ECF No. 25. [Dkt. 20-1]. Outside of the Senate hearing exhibits, ***these are the same exhibits*** Plaintiffs' counsel used in their Reply brief in *Barlow*, *Cisneros*, *and Porter*.

---

[1] *Hosier v. State Farm Fire and Casualty Company, et al.*, CJ-2021-1741 (Okla. Cnty., Okla).

***Finally***, Plaintiffs' insinuation that State Farm needs to proffer evidence in order to show fraudulent joinder (*see* Reply at 1) is incorrect. *See Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006) (citing, *inter alia*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)) (denying remand where "the claims made against the non-diverse Defendants here are facially inapposite because Plaintiff cannot establish the necessary elements."). Except where the Court determines it will pierce the pleadings, "the propriety of removal is judged on the complaint." *See Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991).

In sum, what other individuals allegedly say about State Farm's claim handling practices in other cases does not weigh on the existence of any duty on the part of the Welty Defendants and, therefore, these new exhibits do nothing to cure the fatal flaws to Plaintiffs' Petition or legal theories for recovery as they pertain to the Welty Defendants.

**WHEREFORE**, Defendant State Farm Fire and Casualty Company requests Plaintiffs' Motion to Remand [Dkt. 17] be denied.

Respectfully submitted,

s/Lacy B. Williamson

Lance E. Leffel, OBA No. 19511
GABLEGOTWALS
BOK Park Plaza
499 W. Sheridan Ave., Suite 2200
Oklahoma City, OK 73102
*lleffel@gablelaw.com*
Telephone: 405.235.5500
Facsimile: 405.235.2875

-and-

Carrie B. McNeer, OBA No. 22235
Lacy B. Williamson, OBA No. 34004
GABLEGOTWALS
110 N. Elgin Avenue
Suite 200
Tulsa, OK 74120-1490
PH: (918) 595-4800; Fax: (918) 595-4990
*cmcneer@gablelaw.com*
*lwilliamson@gablelaw.com*

***Attorneys for Defendants State Farm Fire and Casualty Company, Mark D. Welty, and Mark D. Welty Insurance Agency, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Reggie N. Whitten, OBA No. 9576
Michael Burrage, OBA No. 1350
Blake Sonne, OBA No. 20341
Hannah Whitten, OBA No. 35261
John S. Sanders, OBA No. 34990
Jake Denne, OBA No. 35097
WHITTEN BURRAGE
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Phone: 405-516-7800
Fax: 405-516-7859
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
bsonne@whittenburragelaw.com
hwhitten@whittenburragelaw.com
jsanders@whittenburragelaw.com
jdenne@whittenburragelaw.com

Patrick F. Collogan, OBA No. 30529
BIBY LAW FIRM
6305 E. 120th Ct., Suite F
Tulsa, OK 74137
Phone: 918-874-8458
Fax: 888-572-8263
pat@bibylaw.com

***Attorneys for Plaintiffs***

s/Lacy B. Williamson
Lacy B. Williamson